**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**AMARILLO DIVISION**

| | | |
|---|---|---|
| LISA LIBERI, et al., | § | |
| | § | |
| PLAINTIFFS, | § | |
| vs. | § | CIVIL ACTION CAUSE NUMBER |
| | § | |
| EDGAR HALE, CAREN HALE, PLAINS | § | 2:11-CV-090-J |
| RADIO NETWORK, BAR H FARMS, and | § | |
| KPRN A.M. 1610, et al., | § | |
| | § | |
| DEFENDANTS. | § | |

## ORDER FOR IMMEDIATE RESPONSE

Before this case was transferred to this Court Theodore Hoppe, Jr., the attorney for Defendants Edgar Hale, Caren Hale, Plains Radio Network, Bar H Farms and KPRN A.M. 1610, was granted leave by the Pennsylvania district court to withdraw as counsel for these defendants. The record does not reflect which types of entities Defendants Plains Radio Network, Bar H Farms and KPRN A.M. 1610 are. However, the law is clear that *pro se* defendants cannot sign and file an answer in their representative capacity of officers or directors of defendant corporations, even if they are the sole shareholders and its president. A corporation cannot appear *pro se*. The rule is "that a corporation as a fictional legal person can only be represented by licensed counsel." *K.M.A., Inc. v. General Motors Acceptance Corp.,* 652 F.2d 398, 399 (5th Cir. 1982). *Accord Commercial & R.R. Bank of Vicksburg v. Slocomb,* 39 U.S. (14 Pet.) 60, 10 L.Ed. 354 (1840); *Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984); *Southwest Express Co., Inc. v. Interstate Commerce Comm.,* 670 F.2d 53, 56 (5th Cir. 1982). Thus, an individual defendant can appear *pro se* only on his or her own behalf and not on the behalf of a defendant corporation or limited liability corporation (LLC).

Likewise, individual *pro se* plaintiffs cannot sign and file complaints in their representative capacity as officers or directors or trustees or managers of trusts. Just as a corporation cannot appear *pro se, K.M.A., Inc., supra,* 652 F.2d at 399 ("a corporation as a fictional legal person can only be represented by licensed counsel"), neither can a Trust, which

is merely another form of legal fiction, be represented by unlicensed counsel. *Knoefler v. United Bank of Bismark*, 20 F.3d 347, 348 (8th Cir. 1994)("A nonlawyer, such as these purported 'trustee(s) *pro se*' has no right to represent another entity, i.e., a trust, in a court of the United States."). The same rule applies to partnership defendants./[1]

*Pro se* Defendants Edgar Hale, Caren Hale, Plains Radio Network, Bar H Farms and KPRN A.M. 1610 are to immediately inform the Court what types or forms of entities Plains Radio Network, Bar H Farms and KPRN A.M. 1610 are (for example, a corporation, partnership, etc.).

The Clerk is to mail a copy of this order to *pro se* Defendants Edgar Hale, Caren Hale, Plains Radio Network, Bar H Farms and KPRN A.M. 1610 care of their address of record and, if it is known, by sending a copy of this order to these Defendants electronically care of their electronic addresses.

It is SO ORDERED.

Signed this the _____ day of May, 2011.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

---

[1]   *Accord Rowland v. California Men's Colony*, 506 U.S. 194, 113 S.Ct. 716, 721, 121 L.Ed.2d 656 (1993)(the rational for the licensed counsel rule "applies equally to all artificial entities"); *Commercial & R.R. Bank of Vicksburg v. Slocomb*, 39 U.S. (14 Pet.) 60, 10 L.Ed. 354 (1840); *C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697-98 (9th Cir. 1987)("He may not claim that his status as trustee includes the right to present arguments *pro se* in federal court."); *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984)(non-licensed layman acting *pro se* cannot represent a corporation); *Southwest Express Co., Inc. v. Interstate Commerce Comm.*, 670 F.2d 53, 55-56 (5th Cir. 1982)(an unlicensed layman cannot represent the legal fictions of corporations or partnerships "regardless of how close his association with the partnership or corporation" may be); *Guajardo v. Luna*, 432 F.2d 1324, 1325 (5th Cir. 1970)(no constitutional guarantee exists which provides that non-attorneys may represent others in federal litigation). *See also* 28 U.S.C. § 1654 (in federal courts, corporations, partnerships and associations must appear through a licensed attorney).

2