CT Corporation

350 North St. Paul Street
Suite 2900
Dallas, TX 75201

214 932 3601 tel
www.ctlegalsolutions.com



August 03, 2011

Edgar S. Hale, III
Pro Se
1401 Bowie Street,
Wellington, TX 79095

Re:  Lisa Liberi, et al., Pltfs vs. Linda Sue Belcher, Dft. // To: Quest Communication

Case No. 211CV090J

Dear Sir/Madam:

After checking our records and the records of the State of TX, it has been determined that C T Corporation System is not the registered agent for an entity by the name of Quest Communication.

Accordingly, we are returning the documents received from you.

Very truly yours,


Tracie Hollywood
Corporate Operations Specialist

Log# 518935593

FedEx Tracking# 797375423467

cc:  Northern District of Texas - United States District Court
     1100 Commerce St.
     Room 1452,
     Dallas, TX 75242

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Texas

| Lisa Liberi, et al, | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:11-CV-090-J |
| Linda Sue Belcher | ) |
| | ) (If the action is pending in another district, state where: ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Quest Communication, c/o C T Corporation, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Produce a certified record of all phone call made from and to 505-473-9185 from August 1, 2008 to June 30, 2009. This must include the actual phone numbers from which call were recieved and calls place by this phone number.

| Place: 1401 Bowie Stree<br>Wellington, Texas 79095 | Date and Time:<br>09/01/2011 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 07/18/2011

*CLERK OF COURT*

OR _____ pro se

_____
*Signature of Clerk or Deputy Clerk*

*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Edgar S. Hale III
_____, who issues or requests this subpoena, are:

Edgar S. Hale, III, pro se, 1401 Bowie Street, Wellington, Texas 79095, 940-343-8189 ed@voabn.com

Case 2:11-cv-00090-J Document 184 Filed 08/10/11 Page 3 of 7 PageID 4066

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Hale
1401 Bowie St.
Wellington, Tx
79095

Quest Communications
c/o CT Corporation
350 North St. Paul St.
Suite 2900
Dallas, Tx 75201



# TEXAS SECRETARY of STATE
# HOPE ANDRADE

UCC | Business Organizations | Trademarks | Notary | Account | Help/Fees | Briefcase | Logout

**FIND GLOBAL NAME SEARCH**

This search was performed on with the following search parameter:
**ENTITY NAME :** quest communications

| Mark | Filing Number | Name | Entity Type | Entity Status | Name Type | Name Status |
|---|---|---|---|---|---|---|
| ○ | 8550506 | QUEST COMMUNICATIONS CORP. | Foreign For-Profit Corporation | Forfeited existence | Legal | Inactive |
| ○ | 62982500 | QUEST COMMUNICATIONS, INC. | Domestic For-Profit Corporation | Forfeited existence | Legal | Inactive |
| ○ | 70665600 | QUEST COMMUNICATIONS | Domestic For-Profit Corporation | Forfeited existence | Assumed | Expired |
| ○ | 135723600 | QUEST COMMUNICATIONS INTL., INC. | Domestic For-Profit Corporation | Voluntarily dissolved | Legal | Inactive |
| ○ | 145955900 | QUEST COMMUNICATIONS INC. | Domestic For-Profit Corporation | Forfeited existence | Legal | Inactive |
| ○ | 68578700 | TRI-QUEST COMMUNICATIONS, INCORPORATED | Domestic For-Profit Corporation | Voluntarily dissolved | Legal | Inactive |
| ○ | 9650306 | QUEST TELECOMMUNICATIONS, INC. | Foreign For-Profit Corporation | Forfeited existence | Legal | Inactive |
| ○ | 800519776 | Quest telecom Solutions Inc. | Domestic For-Profit Corporation | Forfeited existence | Legal | Inactive |
| ○ | 128815600 | QUEST WIRELESS COMMUNICATIONS, INC. | Domestic For-Profit Corporation | In existence | Legal | Prior |

[Return to Order]  [New Search]

Instructions:
- To view additional information pertaining to a particular filing select the number associated with the name.
- To place an order for additional information about a filing select the radial button listed under 'Mark' that is associated with the entity and press the 'Order' button.

# TEXAS SECRETARY of STATE
# HOPE ANDRADE

UCC | Business Organizations | Trademarks | Notary | Account | Help/Fees | Briefcase | Logout

## BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| **Filing Number:** | 70665600 | **Entity Type:** | Domestic For-Profit Corporation |
| **Original Date of Filing:** | May 29, 1984 | **Entity Status:** | Forfeited existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 17601126091 | **FEIN:** | |
| **Duration:** | Perpetual | | |

**Name:** QC, INCORPORATED
**Address:** PO BOX 190
Pinehurst, TX 77362 USA

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|
| **Name** | **Address** | | | | **Inactive Date** |
| Thomas L Palmer | 32070 SOUTH WIGGINS<br>Magnolia, TX 77355 USA | | | | |

[Order]  [Return to Search]

Instructions:
- To place an order for additional information about a filing press the 'Order' button.

https://direct.sos.state.tx.us/corp_inquiry/corp_inquiry-entity.asp?:Sfiling_number=7066560...   8/3/2011