Law Offices of:
**PHILIP J. BERG, ESQUIRE**
Identification   No. 09867
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph:  (610) 825-3134                    *Attorney in pro se and as Counsel for*
Fx:  (610) 834-7659                    *the Plaintiffs upon approval of Pro*
Email:  philjberg@gmail.com            *Hac Vice admission*

EVELYN ADAMS, Plaintiff
c/o **PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph:  (610) 825-3134
Fx:  (610) 834-7659                    *In Pro Se, Pending Mr. Berg's Pro*
Email:  philjberg@gmail.com            *Hac Vice Admission*

LISA OSTELLA, and GO EXCEL GLOBA, Plaintiffs
c/o **PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph:  (610) 825-3134
Fx:  (610) 834-7659                    *In Pro Se, Pending Mr. Berg's Pro*
Email:  philjberg@gmail.com            *Hac Vice Admission*

LISA LIBERI, Plaintiff
c/o **PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph:  (610) 825-3134
Fx:  (610) 834-7659                    *In Pro Se, Pending Mr. Berg's Pro*
Email:  philjberg@gmail.com            *Hac Vice Admission*

## U.S. DISTRICT COURT, NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

LISA LIBERI, et al,

                Plaintiffs,   :   CIVIL ACTION

        vs.   :

   :   Case No. 2:11-cv-00090-J

LINDA SUE BELCHER, et al,   :   Honorable Mary Lou Robinson

              Defendants. :

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF THEIR RESPONSE IN OPPOSITION TO DEFENDANT
EDGAR HALE'S MOTION TO DISMISS**

## I.    Introduction:

1.    Plaintiffs filed suit against Defendants in the Eastern District of Pennsylvania on May 4, 2009 as a result of Defendants Edgar Hale, Caren Hale by and through KPRN, Plains Radio Network, Bar H Farms and Linda Sue Belcher's continued harassment, cyber-stalking, cyber-bullying, cyber-harassment, invasion of privacy, defamation, libel, slander and other torts of the Plaintiffs herein.

2.    Defendant Edgar Hale ["hereinafter at times "Defendant" or "Hale"] filed a Motion to Dismiss and an Answer on May 26, 2009, *See* Docket No. 25.

3.    On June 24, 2009, Defendant Edgar Hale hired Counsel who represented all the Defendants herein.   Hale's attorney filed a Supplemental Memorandum of Points and Authorities in Support of Hale's Motion to Dismiss, *See* Docket No. ["Dkt No."] 70.

4.    On March 31, 2011, this case was transferred to the U.S. District Court, Western District of Texas, Southern Division at the request of the Defendants herein.

5.    On April 18, 2011, upon the Court's own initiative, Judge Orlando L. Garcia transferred this case from the Western District of Texas, Southern Division to the Northern District of Texas, Amarillo Division. *See* Dkt. No. 172.

6.     Defendant Hale has now filed a second Motion to Dismiss pursuant to Federal Rules of Civil Procedure ["*Fed. R. Civ. P.*"] 12, which is completely improper. *See* Defendant Hale's filing of August 5, 2011, Dkt. No. 183.

7.     Additionally, Mr. Hale's "Motion to Dismiss appears to only pertain to Plaintiffs Evelyn Adams and Philip J. Berg, Esquire.  Further, Mr. Hale's Motion only appears to address Plaintiffs defamation, slander and libel claims and fails to address any of the invasion of privacy torts, cyber-stalking, harassment, etc.

8.     Defendant Hale's Motion to Dismiss is filled with all types of false tales regarding the within lawsuit; false allegations and false recitations.  It should be noted, that Defendant Hale used his Court filing as press releases on his website at   http://www.plainsradionetwork.com/PlainsRadio/mtd.html   to further spread false statements, false allegations and false information about the Plaintiffs herein.

9.     Defendant failed to raise any Affirmative Defenses and failed to raise the issue of protections under the First Amendment of the United States Constitution in his Answer (Affirmative Defense) and/or in his previous Motion to Dismiss, Dkt No. 25 and therefore is precluded from doing so now as they are waived; *See* Federal Rules of Civil Procedure ["*Fed. R. Civ. P.*"] 12(h).

10.     Further, a Defendant in a lawsuit is precluded from bringing additional Motions to Dismiss pursuant to *Fed. R. Civ. P.* 12, raising issues, defenses or objections that were available to the Defendant at the time he filed his

original Motion to Dismiss. *See Fed. R. Civ. P.* 12(g)(2).  Hale's Motion to Dismiss does **not** fit in any of the exceptions to these rules as outlined in *Fed. R. Civ, P.* 12(g)(2) and therefore must be Dismissed.

11.   Plaintiffs also object to the entry of Defendant Hale's Exhibits "1" through "16" and the six (6) CD's.  Plaintiffs were **not** served with the six (6) CD's, Hales Exhibits "1" through "4" and his six (6) CD's are hearsay, double hearsay, altered versions, unauthenticated and under dispute in violation of the Federal Rules of Evidence, ["*Fed. R. Evid.*"] 801(c), 805, 901, 902 and 1005 and are therefore, inadmissible, *Fed. R. Evid.* 802.

12.   Moreover, Defendant Hale's Exhibits "1" through "16" and his six (6) CD's are irrelevant to the litigation at hand in violation of *Fed. R. Evid.* 401 and 402 and therefore, inadmissible pursuant to *Fed. R. Evid.* 402.

13.   Even if Defendant Hale's Motion was proper, which it is **not**, the First Amendment of the United States Constitution does **not** protect Defendant Hale's actions as outlined in Plaintiffs Complaint.

14.   Plaintiffs will be seeking Leave to Amend their Complaint to bring it in compliance with the Texas laws and jurisdiction.

15.   For the reasons outlined herein, Defendant Edgar Hale's Motion must be Denied.

## II.   DEFENDANT EDGAR HALE'S MOTION IS BARRED BY *FED. R. CIV. P.* 12(h) AND 12(g)(2) AND THEREFORE MUST BE DENIED:

16.     Plaintiffs incorporate their Complaint by reference as if fully set forth here at length.  Plaintiffs also incorporate by reference the preceding paragraphs as if fully set forth here at length. *Fed. R. Civ. P.* 12(g)(2) states in pertinent part:

"(2) Limitation on Further Motions.

Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."

17.     *Fed. R. Civ. P.* 12(h) states in pertinent part:

**"(h) Waiving and Preserving Certain Defenses.**

(1) When Some Are Waived.

A party waives any defense listed in Rule 12(b)(2)-(5) by:

(A) omitting it from a motion in the circumstances described in Rule

   12(g)(2); or

(B) failing to either:

(i) make it by motion under this rule; or

(ii) include it in a responsive pleading or in an amendment allowed by

Rule 15(a)(1) as a matter of course.

18.     As stated above, Defendant Hale filed a Motion to Dismiss pursuant to *Fed. R. Civ. P.* 12 on May 26, 2009, Dkt No. 70 and failed to raise any affirmative defenses, even that of the First Amendment, although it does **not** apply.

Defendant Hale also failed to assert "Failure to State a Claim which Relief can be Granted" pursuant to *Fed. R. Civ. P.* 12(b)(6), as he is attempting now.  Thus, Defendant Hale has waived his right to do so now.

19.   Hale waived his ability to do so by **not** specifically including that defense in his responsive pleading. *See* Federal Rule of Civil Procedure 12(h) ("A party waives any defense listed in Rule 12(b)(2)(5) by ... failing to ... include it in a responsive pleading").  A "responsive" pleading under Rule 12 is the first pleading filed after the claim for relief is made. *T & R Enters., Inc. v. Continental Grain Co.,* 613 F.2d 1272, 1277 (5th Cir.1980).  If the party fails to assert a 12(b)(2)(5) issue in either its first responsive pleading or a preceding Rule 12(b) motion, "[t]he penalty ... is waiver." *Golden v. Cox Furniture Mfg. Co. Inc.*, 683 F.2d 115, 118 (5th Cir.1982) (citing 5 C. Wright & A. Miller, Federal Practice & Procedure § 1391, at 853 (1969)).

20.   Rule 12(h) and 12(g)(2) "advises a litigant to exercise great diligence in challenging a Plaintiffs complaint. If he wishes to raise the defenses outlined in the *Fed. R. of Civ. P.* or Affirmative Defenses he must do so at the time he makes his first defensive move." *Golden*, 683 F.2d at 118.  Under Federal Rule of Civil Procedure 12(h)(1), any defenses outlined in the rules are waived unless it is raised in the answer or by motion before the filing of a responsive pleading.  Under *Fed. R. Civ. P.* 12(g)(2), any affirmative defense or another defense **not** included in the

first pleading by way of Motion to Dismiss or Answer, cannot be brought later under a new Motion to Dismiss pursuant to *Fed. R. Civ. P.* 12. *Giannakos v. M/V Bravo Trader,* 762 F.2d 1295, 1298 (5th Cir.1985). *See* also *Willians v, McCallister,* No. L-08-131, 2009 WL 4250022 (S.D. Tex. Oct. 6, 2009); *Doe v. Bates*, No. 5:05-cv-91, 2006 WL 3813758 (E.D. Tex. Dec. 27, 2006); *Puckett v. United States*, 82 F. Supp. 2d 660, 663 (S.D. Tex. 1999), aff'd sub nom. *Puckett v. CIR.*, 213 F.3d 636 (5th Cir. 2000).

21.    For the reasons outlined herein, Defendant Hale's Motion to Dismiss must be Denied.

### III.   THIS COURT'S REVIEW OF A MOTION TO DISMISS PURSUANT TO *FED. R. CIV. P.* 12(b)(6)

22.    Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ.P.* 8(a)(2). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (citations omitted).   See also *Bell Atlantic Corp. V. Twombly,* (2007) 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929.

23.    The Court must accept as true all we-pleaded facts contained in the Plaintiffs' complaint and view them in the light most favorable to the Plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).   In deciding a Rule 12(b)(6)

Motion, [f]actual allegations must be enough to raise a right to relief above the speculative level" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter accepted as true to state a claim to relief that is plausible on its face" *Gonzalez*, 577 F.3d at 603 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Id*.

24.     The Court will not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not permit the court to infer more than the mere possibility of misconduct." *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 246 (5th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949-50). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570.

25.     Defendant Edgar Hale has moved to dismiss Plaintiffs complaint on the grounds his speech, which gave rise to the within lawsuit, is free speech protected by the First Amendment of the United States Constitution.

26.     To the contrary, as plead in Plaintiffs complaint, Invasion of Privacy, Slander, Libel, Defamation, Cyber-Stalking, Stalking, Cyber-Harassment, Cyber-Bullying, harassment, etc. are not protected by the first Amendment to the United States Constitution.   There is no question that Plaintiffs complaint needs to be amended to bring it in compliance with Texas law and Plaintiffs will be seeking leave to do so.

27.     For the reasons outlined herein, Defendant Edgar Hale's Motion to Dismiss must be denied.

## IV.     LIBEL, SLANDER AND DEFAMATION ARE NOT FREE SPEECH PROTECTED BY THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION:

28.     Plaintiffs incorporate their Complaint by reference as if fully set forth here at length.   Plaintiffs also incorporate by reference the preceding paragraphs as if fully set forth here at length.

29.     This suit was brought as a result of the Defendants continued slander, libel, defamation, harassment, cyber-stalking, invasion of privacy and other torts derived from Mr. Hale utilizing his radio show, KPRN and Plains Radio Network and his blog/website at plainsradio.com falsely stating Plaintiffs Evelyn Adams ["Adams"]; Philip J. Berg ["Berg"], Lisa Ostella ["Ostella"], and Lisa Liberi ["Liberi"] were thieves; Adams and Berg were being investigated and going to jail under the RICO act; Liberi and Ostella stole monies from Orly Taitz; Adams had a

criminal record; Ostella "hijacked" Dr. Taitz's website; Liberi was going to jail;

Liberi and Berg committed perjury and were being indicted by the Texas Grand

Jury; Adams was "bad mouthing" and "trashing" him (Edgar Hale); Hale called

Adams nasty horrible names, including but **not** limited to a "Bitch", a "Whore",

and stated that she (Adams) would have sex with anyone for a dollar; and many

other false tales.   Defendant Belcher ["Belcher"] joined Mr. Hale on his radio

shows and falsely accused Berg and Liberi of slandering, libeling and defaming

her; treating her very bad; Liberi and Berg were going to jail; Belcher filed false

reports against Liberi with the Social Security Administration, Federal Bureau of

Investigations ["FBI"] in San Antonio, Texas and other Governmental agencies in

attempts to have her falsely arrested; Belcher spread around that Liberi and Ostella

were stealing monies from Orly Taitz; Liberi had a criminal record going back to

the 1990's; Liberi, Berg and the other Plaintiffs were falsely accusing her (Belcher)

of having a criminal record. *See* Plaintiffs Complaint at pages 17-19, ¶57; pages

20-21, ¶62; pages 35-59, ¶¶ 92-141; pages 66-81, ¶¶ 158-196 and ¶¶ "A" through

"J".

    30.   Defendants Linda Belcher, Edgar Hale, Caren Hale   went on

Defendants KPRN and Plains Radio Network talking about Liberi's heart

condition and medical complications making fun of Liberi comparing her to

Sanford and Sons, grabbing her chest, screaming "it's the big one" while their

friends were in the chat room stating they could see ambulance lights heading to Liberi's home.  Belcher has also been using Liberi's name and identity to post on the internet; set-up a disgusting website called lisaliberi.com with her friend, Geoff Staples, they have altered and forged documents in Liberi's name; and many other acts which have truly destroyed the Plaintiffs.  These acts were disgusting, truly disgusting.

31.    As disgusting as these acts are, Defendants have continued their damaging behaviors as of this date and even intensified their acts against Plaintiffs.

32.    Defendant Hale did **not** stop there.  Defendants Caren and Edgar Hale illegally obtained Liberi's Social Security number, date of birth, place of birth, and other private identifying information, including her credit reports.  Defendants Edgar and Caren Hale went onto their radio show KPRN and Plains Radio Network on May 28, 2009 and discussed a loan Liberi had taken out.  Liberi had just taken out a loan for her son's college.  The only way Defendants Edgar and Caren Hale would have known this was by illegally accessing Liberi's credit report and/or applying for a loan in Liberi's name.

33.    None of these actions by the Defendants are protected by the First Amendment of the United States Constitution or the Texas Constitution.

34.    Even if Defendant Edgar Hale's Motion were proper, which it is **not**, false allegations, accusations and reporting of the false information are **not** Free

Speech protected by the First Amendment to the United States Constitution. *See*
*Beauharnais v. Illinois*, (1952) 343 U.S. 250, 72 S. Ct. 725, 96 L. Ed. 919, (the
Court held that libelous speech is **not** protected by the U.S. Constitution).
Plaintiffs herein are **not** public figures, however, even if they were, there is
absolutely no question that Hale's harassment, false allegations, hate speech, false
statements and other falsities about the Plaintiffs were done with Malice and
therefore, are **not** protected under the First Amendment of the U.S. Constitution.
*See New York Times v. Sullivan*, (1964) 376 U.S. 254, 84 S. Ct. 710, 11 L. Ed. 2d
686; See also *Dunn & Bradstreet, Inc. v. Greenmoss Builders*, (1985) 472 U.S.
749, 762 (plur. opn. of Powell, J.) [stating that when speech "concerns no public
issue" and is "wholly false and clearly damaging," it "warrants no special
protection" under the First Amendment].

35.     For the reasons outlined herein, Defendant Hale's Motion to Dismiss
must be Denied.

## V.     THE FIRST AMENDMENT TO THE U.S. CONSTITUTION DOES NOT PROTECT INVASION OF PRIVACY:

36.     An individual's legal right to privacy began to be recognized in this
country with the publication in 1890 of an article by Samuel D. Warren and Louis
D. Brandeis, 4 Harv.L.Rev. 193 (1890).  As usually defined, the right is said to be
the right of an individual to be left alone, to live a life of seclusion, and to be free
from unwarranted publicity. *Billings v. Atkinson*, 489 S.W.2d 858 (Tex.1973).  It is

generally recognized that the right may be violated by any one of the following acts: 1. Intrusion upon the plaintiff's physical solitude or seclusion; 2. Public disclosure of private facts about the plaintiff; 3. Publicity which places the plaintiff in a false light in the public eye; 4. Appropriation of the plaintiff's name or likeness for the defendant's benefit or advantage.

37.    The Texas Supreme Court first recognized the tort of invasion of privacy in _Billings v. Atkinson,_ 489 S.W.2d 858, 859 (Tex.1973).   Texas law now recognizes three distinct torts, any of which constitutes an invasion of privacy. _Industrial Found. of the South v. Texas Indus. Accident Bd.,_ 540 S.W.2d 668, 682 (Tex.1976), _cert. denied,_ 430 U.S. 931, 97 S.Ct. 1550, 51 L.Ed.2d 774 (1977).

38.    Defendant claims that the Plaintiffs are public individuals and therefore everything he stated, true or false, is protected by the First Amendment to the U. S. Constitution.   This simply is **not** the case.

39.    "A private individual is **not** automatically transformed into a public figure just by becoming involved in or associated with a matter that attracts public attention." _Wolston v. Reader's Digest Assn, Inc.,_ (1979) 443 U.S. 157, 167, 99 S.Ct. 2701, 2707, 61 L.Ed.2d 450.

40.    It is clear that publications alleged to constitute invasions of privacy merit the same constitutional protections as do publications alleged to be defamatory, which is absolutely **no** protection.   It is the long standing of our

Court's that the First Amendment of the United States Constitution does **not** protect invading a private individual's privacy, or publication of information pertaining to a private individual which is **not** news worthy. *Campbell v. Seabury Press,* 614 F.2d 395, 397 (5th Cir.1980); *Cantrell v. Forest City Publishing Co.,* 419 U.S. 245, 95 S.Ct. 465, 42 L.Ed.2d 419 (1974).

41.    Defendants participated in the illegal background reports run on Plaintiffs Adams, Liberi, Ostella and Berg without any type of legal basis, permissible purpose, legal entitlement, notification to knowledge of any of the Plaintiffs.   Defendants then published all the private data all over the Internet, altered the data and further spread false rumors and stories about the Plaintiffs. *See* Plaintiffs Complaint at pages 17-19, ¶57; pages 20-21, ¶62; pages 35-59, ¶¶ 92-141; pages 66-81, ¶¶ 158-196 and ¶¶ "A" through "J".

42.    Defendants illegally obtained access to Plaintiff Liberi's credit reports; family picture; Social Security number; driver's license information; date of birth; place of birth; mother's maiden name; Liberi's maiden name; husband's information; child's information and other private data, without the knowledge or permission of Plaintiff Liberi.  *See* Plaintiffs Complaint at pages 17-19, ¶57; pages 20-21, ¶62; pages 35-59, ¶¶ 92-141; pages 66-81, ¶¶ 158-196 and ¶¶ "A" through "J".

43.     In fact, as recent as July 28, 2011, without service upon or notification to Plaintiffs or their attorney, Defendant Edgar Hale attempted to Subpoena Plaintiff Liberi's telephone records, which he is **not** and was **not** privy to. *See* Dkt No. 184 filed August 10, 2011.  Plaintiffs are petrified as to what other private data Defendant Hale has abused the Court's process of attempting to obtain and/or has obtained and who he has supplied this private data to.

44.     Defendants then publicized all the private data of Plaintiffs on radio programs, all over websites, blogs, Social Networks, etc. *See* Plaintiffs Complaint at pages 17-19, ¶57; pages 20-21, ¶62; pages 35-59, ¶¶ 92-141; pages 66-81, ¶¶ 158-196 and ¶¶ "A" through "J".

45.     For the reasons outlined herein, Defendant Hale's Motion to Dismiss must be Denied.

## VI.   **DEFENDANT HALE'S EXHIBITS ARE INADAMISSABLE AND THEREFORE MUST BE STRICKEN:**

46.     Plaintiffs incorporate their Complaint by reference as if fully set forth here at length.  Plaintiffs also incorporate by reference the preceding paragraphs as if fully set forth here at length.

47.     Defendant Hale has filed with his Motion, Exhibits "1" through "16" and six (6) CD's.  Plaintiffs are unaware of what the six (6) cd's represent as they

were **not** served with them.  Defendant Hale's exhibits are in violation of the *Fed. R. Evid.* as broken down below:

**Exhibit "1" Dkt No. 183-1 pages 2-3:**

**Exhibit "3" Dkt No. 183-1, pages 14-19**

**Exhibit "4", Dkt. No. 183-1, pages 2-30 and Dkt No. 183-2, pages 1-9**

**Exhibit "5", Dkt. No. 183-2, page 11**

**Exhibit "14", Dkt No. 183-3, pages 2-5**

Exhibits "1" , "3", "4", "5", "14" are  supposed audio transcripts of some unknown audios, of unknown radio shows on unknown dates taken or obtained from some unknown place.  Exhibits "1", "3", "4", "5", "14" are unauthenticated, hearsay, double and triple hearsay, and irrelevant to the within litigation. Further, Defendant Hale lacks personal knowledge of the "supposed" radio shows.

**Exhibit "2", Dkt. No. 183-1 pages 5-12**

Exhibit "2" is supposed to represent copies of a third party website, taken and/or obtained from some unknown website at some unknown internet address on some unknown date.  Exhibit "2" is unauthenticated, hearsay, double hearsay, triple hearsay and irrelevant to the within litigation. Further, Defendant Hale lacks personal knowledge of the "supposed" websites or creation thereof.

**Exhibit "6", Dkt. No. 183-2, pages 12-15**

Exhibit "6" is supposed to purport some type of disclaimer, taken from some unknown place on some unknown date. Exhibit "6" is unauthenticated, hearsay, double hearsay, triple hearsay, and irrelevant to the within litigation.

**Exhibit "7", Dkt. No. 183-2, page 17**

**Exhibit "8", Dkt. No. 183-2, page 19**

**Exhibit "9", Dkt. No. 183-2, page 21**

**Exhibit "10", Dkt. No. 183-2, page 23**

**Exhibit "11a" and "11b", Dkt NO. 183-2, pages 25-26**

**Exhibit "12", Dkt No. 183-2, page 28**

**Exhibit "13", Dkt. No. 183-2, page 30**

Plaintiffs are unsure what Exhibits "7" through "13" are supposed to represent or what Defendant Hale claims they represent. Exhibits "7" through "13" are unknown pages taken from some unknown place on some unknown date. Exhibits "7" through "13" are unauthenticated, hearsay, double and triple hearsay, and irrelevant to the within litigation.

**Exhibit "15", Dkt. No. 183-3, page 7**

Exhibit "15" is supposed to represent a post by Plaintiff Evelyn Adams, posted by some unknown party on some unknown website. Exhibit "15" is unauthenticated,

Defendant Hale lacks personal knowledge, the document is hearsay, double and triple hearsay and irrelevant to the within litigation.

## Exhibit "16", Dkt No. 183-3 pages 9-30 and Dkt No. 183-4, pages 1-7

Exhibit "16" is supposed to represent pages from a website, the Post and Email with documents taken and/or obtained from some unknown third party source. Exhibit "16" also has letters written by Plaintiffs attorney to a newspaper agency regarding slander, libel and defamation posted. Exhibit "16" is unauthenticated documents; Defendant Hale lacks personal knowledge; Exhibit "16" are hearsay, double and triple hearsay documents and are irrelevant to the within litigation.

48. Hearsay is defined as "a statement, other than one made by the declarant offered in evidence to prove the truth of the matter asserted." *See Fed. R. Evid.* 801(c). *Fed. R. Evid.* 805 is the Hearsay within Hearsay rule, none of the exceptions apply to Hale's filings. "Hearsay is not admissible except as provided by these rules…". *See Fed. R. Evid.* 802; *See* also <u>*Bourjaily v. U.S.*</u>, 483 U.S. 171, 175, 107 S. Ct. 2775, 97 L. Ed. 2d 144 (1987). Hale's exhibits filed with his Motion, outlined above, as well as many statements in his Motion are hearsay, double and triple hearsay and therefore, are not admissible.

49. Hale's Exhibits to his Motion are unauthenticated in violation of the *Fed. R. Evid.* 901, 902 and 1005.

50.     Authenticity of evidence, in the broad sense of the word, is fundamental to litigation and is one of the most basic functions.  There are several ways outlined in the *Fed. R. Evid*. regarding the authentication of evidence, none of which Hale complied with.

51.     As with all evidence, the proponent must be prepared to establish that the evidence is relevant, authentic, and **not** subject to exclusion under the hearsay or best evidence rules, *St. Clair v. Johnny's Oyster & Shrimp, Inc.*, 76 F. Supp. 2d 773, 774-75 (S.D. Tex. 1999).  Hale has failed to do so.

52.     This Court has held "The authentication of a document requires 'evidence sufficient to support a finding that the matter in question is what its proponent claims'" *Id*. Quoting *Fed. R. Evid*. 901(a). *United States v. Arce*, 997 F.2d 1123, 1128 (5th Cir. 1993) (quoting *United States v. Smith*, 918 F.2d 1501, 1510 (11th Cir. 1990)).

53.     Evidence must be relevant to the pending litigation.  The function of the doctrine of relevance is to require that there be some rational connection between the evidence offered by a litigant and the legal rule on which he claims a right to recover.  (1) [t]he evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action." *United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir.1981) (emphasis added).  Irrelevant Evidence is Inadmissible:

There are virtually **no** exceptions to this rule.  Any evidence that is **not** relevant to a proceeding cannot be admitted. *See Fed. R. Evid*. 402.

54.    For these reasons, Hales Exhibits "1" through "16" and the six (6) CD's must be excluded and **not** used by the Court as evidence as they are unauthenticated, hearsay, double and triple hearsay, irrelevant and inadmissible, *Fed. R. Evid*. 402 and 802.

## VII.  <u>CONCLUSION</u>:

55.    For the reasons stated herein, Defendant Edgar Hale's Motion to Dismiss must be Denied.  Plaintiffs also seek attorney fees.  Should this Court set a Hearing Plaintiffs are seeking costs and travel expenses should they be forced to a Hearing on Defendant Edgar Hale's frivolous motion.

Respectfully submitted,


Dated:  August 15, 2011          /s/ Philip J. Berg
                                 PHILIP J. BERG, ESQUIRE
                                 555 Andorra Glen Court, Suite 12
                                 Lafayette Hill, PA 19444-2531
                                 Identification  No. 09867
                                 (610) 825-3134

                                 *Attorney in pro se and as Counsel for the*
                                 *Plaintiffs upon approval of Pro Hac Vice*
                                 *admission*

Dated:  August 15, 2011       /s/ Evelyn Adams
                                     EVELYN ADAMS, Plaintiff
                                     c/o **PHILIP J. BERG, ESQUIRE**
                                     555 Andorra Glen Court, Suite 12
                                     Lafayette Hill, PA 19444-2531
                                     Ph:  (610) 825-3134
                                     Email:  philjberg@gmail.com

Dated:  August 15, 2011       /s/ Lisa Ostella
                                     LISA OSTELLA, and
                                     GO EXCEL GLOBAL, Plaintiffs
                                     c/o **PHILIP J. BERG, ESQUIRE**
                                     555 Andorra Glen Court, Suite 12
                                     Lafayette Hill, PA 19444-2531
                                     Ph:  (610) 825-3134
                                     Email:  philjberg@gmail.com

Dated:  August 15, 2011       /s/ Lisa Liberi
                                     LISA LIBERI, Plaintiff
                                     c/o **PHILIP J. BERG, ESQUIRE**
                                     555 Andorra Glen Court, Suite 12
                                     Lafayette Hill, PA 19444-2531
                                     Ph:  (610) 825-3134
                                     Email:  philjberg@gmail.com