Law Offices of:
**PHILIP J. BERG, ESQUIRE**
Identification   No. 09867
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph: (610) 825-3134                    *Attorney in pro se and as Counsel for*
Fx: (610) 834-7659                    *the Plaintiffs upon approval of Pro*
Email:  philjberg@gmail.com           *Hac Vice admission*

EVELYN ADAMS, Plaintiff
c/o **PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph: (610) 825-3134
Fx: (610) 834-7659                    *In Pro Se, Pending Mr. Berg's Pro*
Email:  philjberg@gmail.com           *Hac Vice Admission*

LISA OSTELLA, and GO EXCEL GLOBAL, Plaintiffs
c/o **PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph: (610) 825-3134
Fx: (610) 834-7659                    *In Pro Se, Pending Mr. Berg's Pro*
Email:  philjberg@gmail.com           *Hac Vice Admission*

LISA LIBERI, Plaintiff
c/o **PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph: (610) 825-3134
Fx: (610) 834-7659                    *In Pro Se, Pending Mr. Berg's Pro*
Email:  philjberg@gmail.com           *Hac Vice Admission*

## U.S. DISTRICT COURT, NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | |
|---|---|
| LISA LIBERI, et al, | |
| Plaintiffs, | CIVIL ACTION |
| vs. | |
| | Case No. 2:11-cv-00090-J |
| LINDA SUE BELCHER, et al, | |
| | Honorable Mary Lou Robinson |
| Defendants. | |

Liberi, et al Plaintiffs Notice of Motion and Motion for a Protective Order

## PLAINTIFFS NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER; SANCTIONS/DAMAGES; and ATTORNEY FEES

1.      Plaintiffs move this Court for a Protective Order; Accounting of Subpoenas issued by Defendants on Plaintiffs; any information received by Defendants from any and all Subpoenas issued by the Defendants; for Sanctions and/or Damages against Defendant Edgar Hale; for Attorney Fees; and for this Court to retain jurisdiction over the issue pending a  full accounting.

2.      The grounds for Plaintiffs Motion is the fact Defendant Edgar Hale has been issuing Subpoenas for information on the Plaintiffs, which includes privileged information, attorney work product, and information which has nothing to do with the within litigation and/or defense thereto, that Defendants are **not** privy to and have **no** legal basis or entitlement to receive.  Plaintiffs Motion is further based on the fact none of the Plaintiffs were served or noticed regarding the Subpoenas issued, including the party the Subpoena pertained to.

3.      Plaintiffs do **not** want the Defendants contacting them directly due to the harassment and therefore, Defendants are to contact Philip J. Berg[1] on their behalf, which Defendants also failed to do.

---

[1] Philip J. Berg, Esquire is **not** licensed to practice law in Texas.  Plaintiffs do **not** want any of the Defendants to contact them directly, due to the harassment.  Thus, Plaintiffs request that Defendants to deal directly with Mr. Berg on their behalf.  Since Mr. Berg does **not** know any Attorney's in Amarillo, Texas for *Pro Hac Vice* sponsorship and due to Plaintiffs limited financial status, Plaintiffs request this Court to appoint counsel to them.

4.     Plaintiffs learned of the improper Subpoenas on August 10, 2011 when CT Corporation returned a Subpoena, improperly issued by Defendant Edgar Hale, to the Court and the Court filed it, see Docket No. 184.  Defendant Edgar Hale was attempting to obtain the phone records of Plaintiff Lisa Liberi, without any legal basis or entitlement.

5.     Plaintiffs Motion is based on this Notice of Motion and Motion; Plaintiffs Memorandum of Points and Authorities (Brief) in support herewith; Plaintiffs Appendix; the records on file with this Court; and such other argument and evidence which may be presented at a hearing, if a hearing is scheduled.

Respectfully submitted,


Dated:  August16, 2011            /s/ Philip J. Berg
                                  PHILIP J. BERG, ESQUIRE
                                  555 Andorra Glen Court, Suite 12
                                  Lafayette Hill, PA 19444-2531
                                  Identification  No. 09867
                                  (610) 825-3134

                                  *Attorney in pro se and as Counsel for the
                                  Plaintiffs upon approval of Pro Hac Vice
                                  admission*


Dated:  August 16, 2011           /s/ Lisa Liberi
                                  LISA LIBERI, Plaintiff
                                  c/o **PHILIP J. BERG, ESQUIRE**
                                  555 Andorra Glen Court, Suite 12
                                  Lafayette Hill, PA 19444-2531
                                  Ph:  (610) 825-3134
                                  Email:  philjberg@gmail.com

Dated:  August 16, 2011          /s/ Evelyn Adams
                                  EVELYN ADAMS, Plaintiff
                                  c/o **PHILIP J. BERG, ESQUIRE**
                                  555 Andorra Glen Court, Suite 12
                                  Lafayette Hill, PA 19444-2531
                                  Ph:  (610) 825-3134
                                  Email:  philjberg@gmail.com


Dated:  August 16, 2011           /s/ Lisa Ostella
                                  LISA OSTELLA, and
                                  GO EXCEL GLOBAL, Plaintiffs
                                  c/o **PHILIP J. BERG, ESQUIRE**
                                  555 Andorra Glen Court, Suite 12
                                  Lafayette Hill, PA 19444-2531
                                  Ph:  (610) 825-3134
                                  Email:  philjberg@gmail.com


## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to this Court's Local Rule ["L.R."] 7.1(a), I, Philip J. Berg, Esquire, certify that on August 11, 2011, I attempted to confer with Defendants Linda Sue Belcher, Edgar Hale, Caren Hale, KPRN, Plains Radio Network, Inc. and Bar H. Farms regarding Plaintiffs intention on filing the within Motion and Plaintiffs demand for copies of all other Subpoenas issued by the Defendants, the information sought and any information obtained.  Defendant Hale sent two [2] Emails in response to himself, the first objecting, as to what I am unsure; and the second was nasty and threatening.  At **<u>no</u>** time did Edgar Hale comply with the demands/requests, nor did any of the other Defendants respond, instead refusing to cooperate.  Therefore, Plaintiffs are submitting their Motion as opposed by Defendant Edgar Hale seeking this Court's determination and as unopposed by the other Defendants.

                                     /s/ Philip J. Berg
                                    Philip J. Berg, Esquire

# CERTIFICATE OF SERVICE

I, Philip J. Berg, Esquire, hereby certify that a true and correct copy of Plaintiffs Notice of Motion and Motion for a Protective Order were served this 16th day of August, 2011, upon the following Defendants by U.S.P.S. mail with postage fully prepaid.

Edgar Hale
Caren Hale
Plains Radio Network, Inc.
KPRN
Bar H Farms, Inc.
1404 Bowie Street
Wellington, Texas 79095
Signature Confirmation 2308 3250 0000 5244 8000

Linda Sue Belcher
201 Paris Street
Castroville, TX 78009
Signature Confirmation 2308 3250 0000 5244 8017

 /s/ Philip J. Berg
Philip J. Berg, Esquire

Law Offices of:
**PHILIP J. BERG, ESQUIRE**
Identification   No. 09867
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph:  (610) 825-3134                    *Attorney in pro se and as Counsel for*
Fx:  (610) 834-7659                    *the Plaintiffs upon approval of Pro*
Email:  philjberg@gmail.com            *Hac Vice admission*

EVELYN ADAMS, Plaintiff
c/o **PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph:  (610) 825-3134
Fx:  (610) 834-7659                    *In Pro Se, Pending Mr. Berg's Pro*
Email:  philjberg@gmail.com            *Hac Vice Admission*

LISA OSTELLA, and GO EXCEL GLOBAL, Plaintiffs
c/o **PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph:  (610) 825-3134
Fx:  (610) 834-7659                    *In Pro Se, Pending Mr. Berg's Pro*
Email:  philjberg@gmail.com            *Hac Vice Admission*

LISA LIBERI, Plaintiff
c/o **PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph:  (610) 825-3134
Fx:  (610) 834-7659                    *In Pro Se, Pending Mr. Berg's Pro*
Email:  philjberg@gmail.com            *Hac Vice Admission*

**U.S. DISTRICT COURT, NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | |
|---|---|
| LISA LIBERI, et al, | |
| Plaintiffs, | CIVIL ACTION |
| vs. | Case No. 2:11-cv-00090-J |
| LINDA SUE BELCHER, et al, | Honorable Mary Lou Robinson |
| Defendants. | |

# TABLE OF CONTENTS

**Page(s)**

TABLE OF CONTENTS……………………………………….……...i-ii

TABLE OF AUTHORITIES………………………………………....iii- v

MEMORANDUM OF POINTS AND AUTHORITIES…………………..…1-21

   I.     INTRODUCTION……………………………….................2-9

   II.    DEFENDANT EDGAR HALE SUBPOENED
         PLAINTIFF LISA LIBERI'S PHONE RECORDS
         and FAILED TO NOTIFY PLAINTFFS AND/OR
         THEIR COUNSEL**:**……………..…………………….………10- 12

   III.   DEFENDANT EDGAR HALE ABUSED THE
         DISCOVERY MECHANISMS TO OBTAIN PRIVATE
         INFORMATION OF THE PLAINTIFFS, WHICH
         DOES NOT PERTAIN TO THE WITHIN LITIGATION
         OR DEFENSES OF THE PARTIES AND WHICH HE
         IS NOT PRIVY TO**:**……………………………………………..12-13

   IV.   THE COURT MUST IMPOSE SANCTIONS
         OR DAMAGES PAYABLE TO PLAINTIFF
         LISA LIBERI AS A RESULT OF DEFENDANT
         EDGAR HALE'S CONTINUED INVASION OF
         LISA LIBERI'S PRIVACY:…………………………….………14-16

   V.    ATTORNEY FEES ARE WARRANTED and THIS
         COURT HAS THE INHERENT POWER TO AWARD
         ATTORNEY FEES: …………………………………………..17

   VI.   THIS COURT HAS THE INHERENT POWER TO
         ISSUE A PROTECTIVE ORDER:…………………………...17-18

   VII.   CONCLUSION……………………………………….……18-20

i

## **TABLE OF CONTENTS - Continued**

**Page(s)**

CERTIFICATE OF CONFERENCE……………………………………………………..21

CERTIFICATE OF SERVICE…………………………………………………………...22

# TABLE OF AUTHORITIES

## CASES                                                                 Page(s)

*Chambers v. NASCO*, 501 U.S. 32, 44-46 (1991)……………………………15, 16

*Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991)…………………………...13

*Dean v. Riser*, 240 F.3d 505, 511 (5th Cir. 2001)………………………………..17

*Hall v. Cole*, 412 U.S. 1, 5 (1973)…………………………………………………..17

*In re Air Crash atCharlotte, N.C.*,
982 F. Supp. 1092, 1095-96 (D.S.C. 1997)……………………………………….14

*In re Byrd, Inc.*, 927 F.2d 1135, 1136-38 (10th Cir. 1991)…………………...14, 16

*Murphy v. Deloitte & Touche Group Ins. Plan*,
619 F.3d 1151, 1157, 1162 (10th Cir. 2010)……………………………..…..13

*Preston Gate, LP v. Bukaty*, 248 S.W.3d 892, 897 (Tex. App. 2008)…………….15

*Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765-767 (1980)……………….....17

*Scott v. Monsanto Co.*, 868 F.2d 786, 792 (5th Cir. 1989)……………………13, 18

*Theofel v. Farey-Jones*, 359 F.3d 1066, 1074 (9th Cir. 2004)……………………..2

*Thomas v. Capital Sec. Svcs., Inc.*, 836 F.2d 866, 877 (5th Cir. 1988)……….12, 16

*Topalian v. Ehrman*, 3 F.3d 931, 936 n.5 (5th Cir. 1993)………………….…16

*Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004)……..…13

*Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982)……………………………13

**TABLE OF AUTHORITIES - Continued**

**FEDERAL RULES OF CIVIL PROCEDURE**                    **Page(s)**

Federal Rules of Civil Procedure 5(b).…………………………………….....10

Federal Rules of Civil Procedure 12…………………………………………….3

Federal Rules of Civil Procedure 26……………………………………………16

Federal Rules of Civil Procedure 26(b)(1)……………………………………12, 13

Federal Rules of Civil Procedure 26(b)(5)(B)…………………………….........15

Federal Rules of Civil Procedure 26(c)(1)(D)…………………………….........18

Federal Rules of Civil Procedure 26(f)……………………………………………..3

Federal Rules of Civil Procedure 26(g)…………………………………………..14

Federal Rules of Civil Procedure 26(g)(3)……………………………………….16

Federal Rules of Civil Procedure 37(a)(5)(B)…………………………….........18

Federal Rules of Civil Procedure 45……………………………………………10

Federal Rules of Civil Procedure 45(b)(1)….………………………………….10

Federal Rules of Civil Procedure 45(c)(1)…………………………………14, 16

Federal Rules of Civil Procedure 45(d)(2)(B)…………………………….....15


**U.S.D.C., NORTHER DISTRICT OF TEXAS LOCAL RULES**      **Page(s)**

Local Rule 7.1(a)……………………………………………………………….4

## TABLE OF AUTHORITIES - Continued

**MISC.**                                                                  **Page(s)**

*59 Tex. Jur. 3d Process, Notices, and Subpoenas* § 10…………………………...15

*Restatement (Second) of Torts* § 682 (1977)……………………………….…15

## <u>PLAINTIFFS MEMORANDUM OF POINTS AN DAUTHORITIES (BRIEF) IN SUPPORT OF THEIR MOTION FOR A PROTECTIVE ORDER; SANCTIONS; and ATTORNEY FEES</u>

### I.      <u>Introduction:</u>

1.      "The subpoena power is a substantial delegation of authority to private parties, and those who invoke it have a grave responsibility to ensure it is not abused." <u>Theofel v. Farey-Jones</u>, 359 F.3d 1066, 1074 (9th Cir. 2004).

2.      Plaintiffs filed suit against Defendants in the Eastern District of Pennsylvania on May 4, 2009 as a result of Defendants Edgar Hale, Caren Hale by and through Plains Radio Network, KPRN. Bar H Farms and Linda Sue Belcher's continued harassment, cyber-stalking, cyber-bullying, cyber-harassment, invasion of privacy, defamation, libel, slander and other torts of the Plaintiffs herein.

3.      Defendant Edgar Hale ["hereinafter at times "Defendant" or "Hale"] filed a Motion to Dismiss and an Answer on May 26, 2009, Docket No. 25.

4.      On June 24, 2009, Defendant Edgar Hale hired Counsel who represented all the Defendants herein.   Hale's attorney filed a Supplemental Memorandum of Points and Authorities in support of Hale's Motion to Dismiss. *See* Docket No. ["Dkt No."] 70.

5.      On March 31, 2011, this case was transferred to the U.S. District Court, Western District of Texas, Southern Division at the request of the Defendants herein.

Liberi, et al Plaintiffs Memorandum (Brief) in support of their Motion for a Protective Order

6.      On April 18, 2011, upon the Court's own initiative, Judge Orlando L. Garcia transferred this case from the Western District of Texas, Southern Division to the Northern District of Texas, Amarillo Division. *See* Dkt. No. 172.

7.      On August 5, 2011, Defendant Hale filed a second Motion to Dismiss pursuant to Federal Rules of Civil Procedure ["*Fed. R. Civ. P.*"] 12,  Dkt. No. 183.

8.      Discovery has **<u>not</u>** commenced in this Case, nor has a scheduling Order been issued.

9.      On or about July 28, 2011, Defendant Edgar Hale issued a Subpoena upon Quest Corporation seeking one of Plaintiffs telephone records from August 1, 2008 through June 30, 2009 without conference or even notification to Plaintiffs' attorney, Philip J. Berg, Esquire or any Plaintiffs herewith as required by the Federal Rules of Civil Procedure, see **Appendix, Pages 1-7**.

10.     Specifically, notwithstanding the clear prohibition on issuing Discovery prior to a Rule 26(f) Discovery Conference Mr. Hale surreptitiously issued unauthorized Subpoenas to a telephone company seeking Plaintiff Lisa Liberi's private phone records, and to an unknown number of businesses, banks, entities and individuals demanding the disclosure of confidential records belonging to the Plaintiffs without any type of notification to Plaintiffs' counsel, Mr. Berg or the Plaintiffs.

11.     Pursuant to this Court's Local Rule ["*L.R.*"] 7.1(a), Philip J. Berg, Esquire sent a "Meet and Confer Conference" email to the Defendants regarding plaintiffs intention of filing a Motion for a Protective Order and a demand for all Subpoenas issued for Plaintiffs records; the information sought; any information obtained; and Defendants position on Plaintiffs anticipated Motion, see **Appendix, Pages 8-9**.  Defendant Hale responded with a simple "I object", see **Appendix, Pages 10-11**.   A few minutes later, Mr. Berg received a second email from Defendant Edgar Hale that did **not** comply with Mr. Berg's "Meet and Confer Conference", but instead appeared to be a threatening tone, see **Appendix, Pages 12-14**.

12.     Moreover, the full extents of the Defendants actions are **not** yet known because Defendants refuse to meet and confer.   Accordingly, along with specific relief, sanctions, damages and attorney fees, Plaintiffs are also asking this Court to Order Defendants to fully account for their actions so that the Court and Plaintiffs can be made aware of the harm inflicted.

13.     Defendant  Edgar Hale is **not** entitled to the phone records of any of the Plaintiffs as they do **not** relate to or have anything to do with the within litigation.

14.     Edgar Hale believes the records he is seeking are those of Plaintiff Lisa Liberi.   Plaintiff Liberi's telephone records are protected by the Attorney

work product and attorney/client privilege. Mrs. Liberi interns as Mr. Berg's paralegal and performs duties from her home, due to her medical disabilities, on Mr. Berg's behalf on many instances.

15.    Plaintiff Lisa Liberi has never had any association with Edgar Hale, Caren Hale, KPRN, Bar H. Farms or Plains Radio Network, but has been the victim of Defendant Edgar Hale's threats, libel, slander, defamation, harassment, invasion of privacy, cyber-stalking, cyber-bullying, cyber-bullying, etc. as a result of her position with the Law Offices of Philip J. Berg.

16.    In fact, Mr. Hale illegally sought and obtained Plaintiff Lisa Liberi's full Social Security number, date of birth, place of birth, home address, telephone number, husband's information, credit reports and other private data. Mr. Hale went on his radio program on May 28, 2009 with Neil Sankey and discussed Plaintiff Lisa Liberi's private data and a loan Mrs. Liberi had taken out, as filed with and proven to the Court numerous times.

17.    Mr. Hale went as far as published a family picture of Plaintiff Lisa Liberi and her family, which he obtained by illegal sources. Plaintiff Lisa Liberi is **not** a blogger, and she does **not** participate on blog/websites, etc. Nor, is she a public individual. The only knowledge Plaintiff Lisa Liberi had with a blog/website is posting information on Mr. Berg's behalf on his website.

18.    Now, Mr. Hale is attempting to secretly Subpoena phone records of Plaintiff Lisa Liberi, which he has **no** basis and **no** entitlement to, using our Court's and abusing the process in further violating Plaintiff Liberi's privacy rights.  In so doing, Mr. Hale has violated the Federal Rules of Civil Procedure pertaining to Discovery.

19.    Plaintiffs learned of the illegal Subpoena by the Court's ECF notification.  Mr. Hale's Subpoena was returned to the Court by CT Corporation as CT Corporation was **not** the proper Registered Agent for the phone company, Quest Communications.  *See* this Court's Docket Entry No. 184 filed August 10, 2011, see **Appendix pages 1-7.**

20.    It is unknown what other private records of the Plaintiffs this Defendant, Edgar Hale and his associate, Linda Sue Belcher, have subpoenaed, attempted and/or received without service upon the Plaintiffs or the Plaintiffs knowledge of, which again they are **not** entitled.  There is **no** question, these are abuses of our Court's Discovery process and must **not** be allowed.

21.    Defendants herein, including Edgar Hale and Linda Sue Belcher, have published all over the internet and mass emailed Plaintiff Lisa Liberi's home address, family picture and other private data.  Linda Sue Belcher has threatened the Plaintiffs and encouraged other's to do so as well.  Defendants Edgar Hale and Linda Sue Belcher, through the Internet and radio, have threatened all witnesses of

and any potential witness of the Plaintiffs if they participate in the within suit, again which is on file with the Court.

22.     Defendants also participated in a horrible disgusting website, http://lisaliberi.com and email addresses in Plaintiff Lisa Liberi's name, with sexual innuendos, false tales, and nasty postings regarding Plaintiff Lisa Liberi. These Defendants along with another individual took it further, "hacked" into Plaintiff Liberi's email address book and sent this disgusting website to everyone in Lisa Liberi's address books, including other attorneys Mrs. Liberi interns with. This too is on file with this Court, some of which is believed to be under seal as they were presented in the Courtroom in Pennsylvania.

23.     These Defendants have forged Plaintiff Liberi's' name on documents, some of which they filed with this Court; they have altered documents they filed as Exhibits claiming them to be genuine, and they have posted on the Internet using Plaintiff Liberi's name, just to name a couple of things.

24.     Defendant Edgar Hale has sent his friends to Plaintiff Evelyn Adams and Lisa Liberi's homes, according to associates of Mr. Hale's; Mr. Hale has harassed, along with his friends at his request, the Plaintiffs telephonically, and Mr. Hale has threatened the Plaintiffs and their witnesses.

25.     Defendant Linda Sue Belcher ["Belcher"] has called Plaintiff Lisa Ostella ["Ostella"] claiming to be from the "Cyber-crimes" unit; Linda Sue

Belcher has attempted to contact Plaintiff Lisa Liberi ["Liberi"] via AOL instant messenger under her (Linda Belcher's) son's name; Belcher has filed false reports against Liberi with the Social Security Administration[1], the Federal Bureau of Investigations ["FBI"] in San Antonio by her own admissions; Belcher filed false reports with the Internal Revenue Service, Courts, law enforcement agency against Lisa Liberi where Plaintiff Liberi resides; Belcher has forged and altered documents bearing Liberi's name, which were filed in this Case; Belcher sent out an caused to be sent out Liberi's home address and telephone number  along with Liberi's family picture, which was obtained by illegal means, to hate groups, white supremacy groups, militia and armed militia groups, with a statement that Liberi was a "blood red herring"; Belcher has threatened Plaintiffs on Mr. Hale's radio show chat room that Texas has a lot of guns, referring to the Plaintiffs.  Linda Belcher also stated in the chat room on Defendant Hale's website that if any of the Plaintiffs come to Texas they will be taken out in pieces, and may other illegal tactics.

26.    Allowing any of these Defendants to seek or obtain any of the private records of the Plaintiffs, none of which have anything to do with this case, is

---

[1]  The Social Security Administration has since blocked Linda Sue Belcher from filing any further falsified reports against Plaintiff Lisa Liberi and has forwarded all the Internet postings of Linda Sue Belcher, her false reports, and a report to the Inspector General due to Linda Sue Belcher's use of the Government to continue harassing Plaintiff Lisa Liberi.

Liberi, et al Plaintiffs Memorandum (Brief) in support of their Motion for a Protective Order

allowing these Defendants to continue harassing, harming and endangering the Plaintiffs.

27.    Defendants will **not** suffer any prejudice by the Court's granting of Plaintiffs Motion for a Protective Order.  However, Plaintiffs will suffer severe prejudice and damage if the Court declines to grant Plaintiffs Motion.

28.    For these reasons, Plaintiffs are seeking a Protective Order preventing these Defendants from issuing Subpoenas; and/or seeking any data on the Plaintiffs without Leave of Court based on Good Cause shown.  Plaintiffs are also seeking an immediate order that any data sought and/or obtained by any of these Defendants to be immediately turned over to this Court with copies to Plaintiffs' counsel, Philip J. Berg, Esquire and enjoining all these Defendants from maintaining, publishing, sharing, or using any of the Plaintiffs private data they have sought.

29.    Plaintiffs are also seeking damages or sanctions in the amount of Two Thousand Five Hundred [$2,500.00] Dollars payable to Plaintiff Lisa Liberi for Edgar Hale's intentional violations of the Discovery process and Abuse of the Judicial process; and attorney fees and costs in the amount of Three Thousand [$3,000.00] Dollars all payable through Philip J. Berg, Esquire within fourteen [14] days of the Court's Order.

//
//
//
//

9

## II.   DEFENDANT EDGAR HALE SUBPOENED PLAINTIFF LISA LIBERI'S PHONE RECORDS and FAILED TO NOTIFY PLAINTIFFS AND/OR THEIR COUNSEL:

30.   Plaintiffs incorporate by reference their Complaint and the preceding paragraphs as if fully set forth here at length.

31.   Federal Rule of Civil Procedure 45 requires that "[p]rior notice of any commanded production of documents and things or inspection of premises before trial shall be served on each party in the manner prescribed by Rule 5(b)." *Fed. R. Civ. P.* 45(b)(1).

32.   Regardless of the rules, and in disregard of this Court's previous warning of Defendants Edgar and Caren Hale's requirements to follow the Court's rules, see this Court's Order of June 10, 2011, Dkt No. 181, Defendant Edgar Hale sought private confidential records of Plaintiff Lisa Liberi without any type of notification or notice to Plaintiff Liberi or her counsel, Philip J. Berg, Esquire.

33.   Plaintiffs are unsure as to how many other unauthorized Subpoenas were issued by Defendant Edgar Hale and the other Defendants seeking private records of the Plaintiffs.

34.   As demonstrated by Plaintiffs Complaint; all the Court filings, by the previous paragraphs; and by Defendants own actions, Defendants cannot be trusted with any of Plaintiffs private data.  Not to mention the fact they are **not** entitled to it and part of the reasons they are being sued.

35.    For these reasons, Plaintiffs are also asking this Court to Order Defendants to fully account for their actions so that the Court and Plaintiffs can be made aware of the harm inflicted and further damages caused by the Defendants. Plaintiffs request this Court to issue an immediate Order upon the Defendants for a Sworn accounting of all their actions related to the issuance and service of the improper Subpoenas, with appropriate documentation, including: (1) a list of all the Subpoenas they have issued in this case; (2) specification of all information that they obtained in response to the Subpoenas; (3) a list of anyone Plaintiffs information was provided to, including any third parties; and (4) a list of any outstanding Subpoenas.   To the extent that any of the Defendants answers or documents includes any private data, Defendants should be Ordered to file the complete information **under seal** while filing public copies from which the identifying information should be redacted.   Defendants should further be required to aver that they have provided complete information about each of these categories.

36.    In addition, Plaintiffs request that the Court: (1) order the immediate withdrawal of any outstanding Subpoenas; (2)   enter a permanent injunction barring the disclosure or use by any of the Defendants, or any of their agents, of any information obtained pursuant to a Subpoena in this action; and (4) impose an

appropriate sanction in light of the circumstances. *See Thomas v. Capital Sec. Svcs., Inc.*, 836 F.2d 866, 877 (5th Cir. 1988).

### III. **DEFENDANT EDGAR HALE ABUSED THE DISCOVERY MECHANISMS TO OBTAIN PRIVATE INFORMATION OF THE PLAINTIFFS, WHICH DOES NOT PERTAIN TO THE WITHIN LITIGATION OR DEFENSES OF THE PARTIES AND WHICH HE IS NOT PRIVY TO:**

37.    Plaintiffs incorporate by reference their Complaint and the preceding paragraphs as if fully set forth here at length.

38.    Discovery has **not** commenced in this Case.  Defendant Edgar Hale's Subpoena and/or Subpoenas were completely improper.

39.    Defendant Edgar Hale is seeking telephone records of Plaintiff Lisa Liberi without notification to Mrs. Liberi or her attorney, which have absolutely **no** bearing on the within action.  The within case was filed due to and for Defendants, including Edgar Hale, invasion of Plaintiffs privacy, harassment, slander, libel, defamation, cyber- stalking, cyber-bullying, cyber-harassment and other torts. Plaintiffs telephone records have nothing to do with the within litigation nor any defense thereto and is completely improper.

40.    The Federal Rules of Civil Procedure provide, "[u]nless otherwise limited by court order . . . [p]arties may obtain discovery regarding any **nonprivileged** matter that is **relevant to any party's claim or defense** . . ." *Fed. R. Civ. P.* 26(b)(1).  [emphasis added]

41.     Generally, the scope of discovery is broad and permits the discovery of "any nonprivileged matter that is relevant to any party's claim or defense." *Fed. R. Civ. P..* 26(b)(1**)**; *See* <u>*Wyatt v. Kaplan*</u>, 686 F.2d 276, 283 (5th Cir. 1982), <u>*Coughlin v. Lee*</u>, 946 F.2d 1152, 1159 (5th Cir. 1991).   A discovery request is relevant when the request seeks admissible evidence or "is reasonably calculated to lead to the discovery of admissible evidence." <u>*Wiwa v. Royal Dutch Petroleum Co.*</u>, 392 F.3d 812, 820 (5th Cir. 2004) (citation and internal marks omitted); *See* <u>*Murphy v. Deloitte & Touche Group Ins. Plan*</u>, 619 F.3d 1151, 1157, 1162 (10th Cir. 2010).

42.     Plaintiff Liberi's phone records are **<u>not</u>** relevant to the within litigation nor is there any way they would assist in the Defendants defenses; they will **<u>not</u>** and would **<u>not</u>** lead to discovery of admissible evidence; phone numbers of who contacted Plaintiff or who Plaintiff contacted is privileged information as it contains Mr. Berg's clients phone numbers and other private data.   Plaintiff Liberi's phone records contain privileged data; Plaintiffs fear Defendants will again publish the private data, and improperly share Plaintiffs private information with litigants in separate cases and therefore, warrants a Protective Order, *See* <u>*Scott v. Monsanto Co*</u>., 868 F.2d 786, 792 (5th Cir. 1989).

//
//
//
//

Liberi, et al Plaintiffs Memorandum (Brief) in support of their Motion for a Protective Order

**IV.    THE COURT MUST IMPOSE SANCTIONS OR DAMAGES PAYABLE TO PLAINTIFF LISA LIBERI AS A RESULT OF DEFENDANT EDGAR HALE'S CONTINUED INVASION OF LISA LIBERI'S PRIVACY:**

43.    Plaintiffs incorporate by reference their Complaint and the preceding paragraphs as if fully set forth here at length.

44.    Although Plaintiff Lisa Liberi is unaware of all the damages created and caused by Defendants for their illegal access of her private records, even after this suit was filed, she should be paid damages by Defendant Edgar Hale for his attempt to obtain her telephone records.

45.    The improper and knowing issuance of the barred Subpoenas at issue, coupled with both his subsequent failure to minimize the harm resulting from his improper behavior (by, for example, withdrawing the Subpoenas or informing the Court and Defendants that they had been issued), subjects Mr. Hale to sanctions payable to Plaintiff Lisa Liberi, whom the private data related to. *See Fed. R. Civ. P.* 26(g) (imposing mandatory sanctions on a party who improperly certifies that a discovery request is "warranted by existing law"); *Fed. R. Civ. P.* 45(c)(1) (imposing mandatory sanctions on a subpoenaing party who imposes an undue burden); *In re Byrd, Inc.*, 927 F.2d 1135, 1136-38 (10th Cir. 1991) (granting sanctions under Rule 26(g) against litigant for serving a subpoena *duces tecum* on third-party in violation of both local and Federal Rules); *In re Air Crash at Charlotte, N.C.*, 982 F. Supp. 1092, 1095-96 (D.S.C. 1997) (imposing sanction for

issue and service of invalid subpoena); *See also* <u>*Chambers v. NASCO*</u>, 501 U.S. 32, 44-46 (1991) (identifying a court's "inherent authority" to "determine whether it has been the victim of fraud," and to punish a party that has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons".

46.     Serving an invalid and oppressive Subpoena is also potentially actionable under Texas tort law as an abuse of process and subject to punishment <u>*Preston Gate, LP v. Bukaty*</u>, 248 S.W.3d 892, 897 (Tex. App. 2008); *See also 59 Tex. Jur. 3d Process, Notices, and Subpoenas* § 10 ("Abuse of process is the malicious misuse or misapplication of process in order to accomplish an ulterior purpose."); *Restatement (Second) of Torts* § 682 (1977) ("One who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process.").

47.     Moreover, absent a complete accounting of Defendant Edgar Hale and possibly the other Defendants improper behavior, his conduct must be considered ongoing. *See*, *e.g.*, *Fed. R. Civ. P.* 26(b)(5)(B) and 45(d)(2)(B) (requiring immediate return, sequester, or destruction of improperly obtained privileged materials).

48.     Once Defendants comply with this Court's Orders and a full determination of all the damages caused by the Defendants as a result of their

violations have been determined, Plaintiffs are also requesting further sanctions to be issued upon Defendant Edgar Hale and the other Defendants who participated payable to the Plaintiffs affected by the Defendants violations.

49.     When a violation of the Federal Rules is established, the imposition of sanctions is mandatory. *Fed. R. Civ. P.* 26(g)(3), 45(c)(1). *See Thomas v. Capital Sec. Svcs., Inc.*, 836 F.2d 866, 876-878 (5th Cir. 1988) (sanction "mandatory"); *Topalian v. Ehrman*, 3 F.3d 931, 936 n.5 (5th Cir. 1993).  In *Topalian*, the Court held "This Court wields "broad discretion" in fashioning the appropriate sanction. *Id*. at 934.  In crafting the sanction, the Court may consider (1) the specific conduct being punished or deterred, (2) the harms caused by the violation of the relevant Rule, (3) whether the incurred harm was reasonable and mitigated, and (4) whether the sanction is the least severe sanction adequate to achieve the purpose of the rule under which it was imposed. *Id*. at 937.

50.     Ordinarily, a violation of Rule 26 warrants at least "an order to pay the reasonable expenses caused by the violation." *Fed. R. Civ. P.* 26(g)(3). *See also In re Byrd, Inc.*, 927 F.2d at 1136-38, *Chambers*, 501 U.S. at 45.

51.     This Court has the inherent power to award discovery sanctions under the Federal Rules, and, other relief that the Court deems appropriate to send a message to these Defendants that violations will **not** be tolerated.

V.   **ATTORNEY FEES ARE WARRANTED and THIS COURT HAS THE INHERENT POWER TO AWARD ATTORNEY FEES:**

52.    Plaintiffs incorporate by reference their Complaint and the preceding paragraphs as if fully set forth here at length.

53.    Plaintiffs are seeking attorney's fees to be awarded in favor of the Plaintiffs. *See Dean v. Riser*, 240 F.3d 505, 511 (5th Cir. 2001).  Attorney fees are warranted for the time spent as a result of Defendant Edgar Hale's willful violations,  *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765-767 (1980) (A party who acts in bad faith may be ordered to pay the attorney fees of the party injured).

54.    In *Hall v. Cole*, 412 U.S. 1, 5 (1973), the Supreme Court wrote:

"[I]t is unquestioned that a federal court may award counsel fees to a successful party when his opponent has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons....'"

55.    For the reasons outlined herein, Plaintiffs respectfully ask for attorney fees in the amount of Three Thousand [$3,000.00] Dollars payable to Philip J. Berg, Esquire for the time it took him to research the issues and prepare this Motion on behalf of the Plaintiffs.

VI.   **THIS COURT HAS THE INHERENT POWER TO ISSUE A PROTECTIVE ORDER:**

56.    Plaintiffs incorporate by reference their Complaint and the preceding paragraphs as if fully set forth here at length.

57.   The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden . . ., including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *Fed. R. Civ. P.* 26(c)(1)(D); *See also Fed. R. Civ. P.* 37(a)(5)(B).   The grounds for a Protective Order can include privileged or work-product material, but can also include the improper sharing of confidential information between litigants in separate cases. *See* <u>*Scott v. Monsanto Co*</u>., 868 F.2d 786, 792 (5th Cir. 1989).

## VII.   <u>CONCLUSION</u>:

58.   Discovery is **<u>not</u>** a game, nor is it a tool to be wielded irresponsibly as a means in and of itself to coerce extra-judicial concessions from litigation opponents.   Defendants, including Edgar Hale have taken inexcusable liberties at the expense of the Plaintiffs and the Court.   Moreover, given the nature of why this suit was filed, and the previous illegal acts of the Defendants, it was entirely predictable that Defendants would further use this Court and any/other judicial process to continue invading the privacy of the Plaintiffs, publicize their private data, harass the Plaintiffs and take whatever steps they could to increase the cost of litigation and further damaging and harming the Plaintiffs.   For the reasons outlined herein, Plaintiffs respectfully Request this Court to:

A.     Issue an immediate Protective Order preventing Defendants from issuing or obtaining the private data of the Plaintiffs without Leave of Court for good cause shown;

B.     Order Defendant Edgar Hale and any of the other Defendants for a full accounting including but **not** limited to:

     i.   A list of all the Subpoenas they have issued in this case;

     ii.  A list of all data requested;

     iii. Specification of all information that they obtained in response to the Subpoenas;

     iv. A list of anyone Plaintiffs information was provided to, including any third parties; and

     v.  A list of any outstanding Subpoenas.

C.     Order Defendant Edgar Hale and any of the other Defendants who sent out Subpoenas on the Plaintiffs to immediately withdrawal any and all outstanding Subpoenas;

D.     Enter a Permanent Injunction barring the disclosure or use by any of the Defendants, their subsidiaries, affiliates, officers, agents, servants, employees, licensees and all other persons acting or attempting to act in active concert or participation with them or acting on their behalf, of any information obtained pursuant to a Subpoena in this action;

E.     Order Defendant Edgar Hale to pay Plaintiff Lisa Liberi, through her attorney, Philip J. Berg, Esquire, Damages and/or Sanctions in the amount of Two Thousand Five Hundred [$2,500.00] Dollars to

prevent additional violations and invasion of Plaintiffs' privacy to be paid within fourteen [14] days of this Court's Order;

F.    Order Defendant Edgar Hale to pay Plaintiffs' Attorney Fees in the amount of Three Thousand [$3,000.00] Dollars payable to Philip J. Berg, Esquire within fourteen [14] days of this Court's Order; and

G.    Maintain jurisdiction over this issue, for the return of the accountings in order to properly further sanction and award damages to Plaintiffs for additional violations as well as Attorney Fees.

Respectfully submitted,

Dated:  August 16, 2011          /s/ Philip J. Berg
                                 PHILIP J. BERG, ESQUIRE
                                 555 Andorra Glen Court, Suite 12
                                 Lafayette Hill, PA 19444-2531
                                 Identification  No. 09867
                                 (610) 825-3134

                                 *Attorney in pro se and as Counsel for the Plaintiffs upon approval of Pro Hac Vice admission*

Dated:  August 16, 2011           /s/ Lisa Liberi
                                 LISA LIBERI, Plaintiff
                                 c/o **PHILIP J. BERG, ESQUIRE**
                                 555 Andorra Glen Court, Suite 12
                                 Lafayette Hill, PA 19444-2531
                                 Ph:  (610) 825-3134
                                 Email:  philjberg@gmail.com

Dated: August 16, 2011     /s/ Evelyn Adams
           EVELYN ADAMS, Plaintiff
           c/o **PHILIP J. BERG, ESQUIRE**
           555 Andorra Glen Court, Suite 12
           Lafayette Hill, PA 19444-2531
           Ph: (610) 825-3134
           Email: philjberg@gmail.com


Dated: August 16, 2011     /s/ Lisa Ostella
           LISA OSTELLA, and
           GO EXCEL GLOBAL, Plaintiffs
           c/o **PHILIP J. BERG, ESQUIRE**
           555 Andorra Glen Court, Suite 12
           Lafayette Hill, PA 19444-2531
           Ph: (610) 825-3134
           Email: philjberg@gmail.com


## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to this Court's Local Rule ["L.R."] 7.1(a), I, Philip J. Berg, Esquire, certify that on August 11, 2011, I attempted to confer with Defendants Linda Sue Belcher, Edgar Hale, Caren Hale, KPRN, Plains Radio Network, Inc. and Bar H. Farms regarding Plaintiffs intention on filing the within Motion and Plaintiffs demand for copies of all other Subpoenas issued by the Defendants, the information sought and any information obtained. Defendant Hale sent two [2] Emails in response to himself, the first objecting, as to what I am unsure; and the second was nasty and threatening. At **<u>no</u>** time did Edgar Hale comply with the demands/requests, nor did any of the other Defendants respond, instead refusing to cooperate. Therefore, Plaintiffs are submitting their Motion as opposed by Defendant Edgar Hale seeking this Court's determination and as unopposed by the other Defendants.

            /s/ Philip J. Berg
           Philip J. Berg, Esquire

21

## CERTIFICATE OF SERVICE

I, Philip J. Berg, Esquire, hereby certify that a true and correct copy of Plaintiffs Notice of Motion; Motion; Memorandum of Point and Authorities (Brief) in support thereof; and Plaintiffs Appendix for a Protective Order were served this 16th day of August, 2011, upon the following Defendants by U.S.P.S. mail with postage fully prepaid.

Edgar Hale
Caren Hale
Plains Radio Network, Inc.
KPRN
Bar H Farms, Inc.
1404 Bowie Street
Wellington, Texas 79095
Signature Confirmation 2308 3250 0000 5244 8000

Linda Sue Belcher
201 Paris Street
Castroville, TX 78009
Signature Confirmation 2308 3250 0000 5244 8017


  /s/ Philip J. Berg
Philip J. Berg, Esquire