Law Offices of:
**PHILIP J. BERG, ESQUIRE**
Identification   No. 09867
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph:  (610) 825-3134
Fx:  (610) 834-7659
Email:  philjberg@gmail.com

*Attorney in pro se and as Counsel for the Plaintiffs upon approval of Pro Hac Vice Admission*

EVELYN ADAMS, Plaintiff
c/o **PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph:  (610) 825-3134
Fx:  (610) 834-7659
Email:  philjberg@gmail.com

*In Pro Se, Pending Mr. Berg's Pro Hac Vice Admission*

LISA OSTELLA, and GO EXCEL GLOBAL, Plaintiffs
c/o **PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph:  (610) 825-3134
Fx:  (610) 834-7659
Email:  philjberg@gmail.com

*In Pro Se, Pending Mr. Berg's Pro Hac Vice Admission*

LISA LIBERI, Plaintiff
c/o **PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph:  (610) 825-3134
Fx:  (610) 834-7659
Email:  philjberg@gmail.com

*In Pro Se, Pending Mr. Berg's Pro Hac Vice Admission*

**U.S. DISTRICT COURT, NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| LISA LIBERI, et al, | |
| Plaintiffs, | CIVIL ACTION |
| vs. | Case No. 2:11-cv-00090-J |
| LINDA SUE BELCHER, et al, | Honorable Mary Lou Robinson |
| Defendants. | |

**PLAINTIFFS MEMORANDUM OF POINTS AND AUTHORITIES (BRIEF)
IN SUPPORT OF THEIR OPPOSITION
TO DEFENDANTS MOTION TO REJECT PLAINITFFS OPPOSITION**

**ARGUMENT**

I.     **FACTS:**

1.     A Motion to Strike is **not** a proper tool to use when one is unhappy with the opposing party's response and/or answer to a Motion.  There certainly are **not** any grounds in which to move to Strike the Plaintiffs Response in Opposition.

2.     Defendant raises the issue that all the Plaintiffs signatures are typed in, instead of bearing actual signatures, and therefore, only person typed it. Plaintiffs' signatures are "electronic signatures", which is the process when electronically filing documents.  All Plaintiffs participated in the Opposition, and all parties gave authorization for their signatures to be input electronically. *See* the Declarations of Plaintiffs Lisa Liberi , Appendix "1", pages 1-20; Declaration of Philip J. Berg, Esquire, Appendix "2", pages 21-26; Declaration of Evelyn Adams, Appendix "3", pages 27-80; and Lisa Ostella, Appendix "4", pages 81-99. Defendant then argues that all the Plaintiffs are using Mr. Berg's address. [Def. MTR, pg. 2].

3.     As shown on Plaintiffs Opposition, Plaintiffs do have their contact information in care of Mr. Berg.  This is due to the harassment Plaintiffs have received from the Defendants, especially Defendant Hale.  The nasty, cussing,

accusatory, threatening emails that Defendant Hale has sent to the Plaintiffs and Plaintiffs do **not** want to be contacted by Defendants directly.  There has also been the issue of the Defendants "altering", "forging" and "manipulating" documents from their original versions and creating documents which have never been filed, proof of which is located in this Court's files.

    4.    Defendant then states that Plaintiffs only cite to one case regarding the First Amendment and that case has absolutely nothing to do with "right of freedom of speech as guaranteed by the U.S. Constitution of the United States" but instead it had to do with a picture sold by a "group of racists".  [Def. MTR, pg. 3, par. 2].

    5.    The case Defendant Hale is referring to is <u>Beauharnais v. Illinois</u>, (1952) 343 U.S. 250, 72 S. Ct. 725, 96 L. Ed. 919.  Contrary to Defendant Hale's argument, he is incorrect.  The <u>Beauharnais</u> case was a case brought under "criminal libel" law in Illinois.  The Court at 250, held *"…libelous utterances are not within the area of constitutionally protected speech…"*

    6.    The <u>Beauharnais</u> Court outlined libel at footnote 5, which stated ""*A libel is a malicious defamation, expressed either by printing, or by signs or pictures, or the like, tending to blacken the memory of one who is dead, or to impeach the honesty, integrity, virtue or reputation or publish the natural defects of one who is alive, and thereby to expose him to public hatred, contempt, ridicule, or financial injury.*"  This is exactly what Defendants did to the Plaintiffs and

Plaintiffs suffered and continue suffering the public hatred, contempt and ridicule, costing Plaintiffs financial losses as a result of Defendants, especially Hale and Linda Belcher's continued publications of false statements, false stories, false information, false criminal records, false arrests, false crimes of the Plaintiffs as outlined in Plaintiffs Complaint and other Court filings.

7. The *Beauharnais* Court went on further at 255-257 stating:

"Today, every American jurisdiction … punish libels directed at individuals."

"There are certain well defined and narrowly limited classes of speech the prevention and punishment of which has never been thought to raise any Constitutional problem. These include the lewd and obscene, the profane, the libelous, and the insulting or 'fighting' words -- those which, by their very utterance, inflict injury or tend to incite an immediate breach of the peace. It has been well observed that such utterances are no essential part of any exposition of ideas, and are of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality."

"Resort to epithets or personal abuse is not in any proper sense communication of information or opinion safeguarded by the Constitution, and its punishment as a criminal act would raise no question under that instrument." *Cantwell v. Connecticut*, 310 U. S. 296, 310 U. S. 309-310"

8. As can be seen, Hale's explanation of the *Beauharnais* case is completely inaccurate.

9. Defendant Hale claims Plaintiffs are "lying" by stating they were **not** served with the six (6) CD's he filed with this Court. He states he served them and bcc'd other people. Defendant Hale claims Plaintiff Lisa Liberi ["Liberi"] went to

4

his website and listened to the CD's he (Hale) had uploaded to his website. Defendant Hale claims he was aware of this because he put software on his website that tracked Plaintiff Liberi and obtained her IP address. [Hale MTR pg. 3].

10. Plaintiff Liberi was at Defendant Hale's website on one occasion; to take screen shots (pictures) of his website showing he uploaded his Court filings. *See* Appendix 1 pages 13-20. At **no** time, did Plaintiff Liberi download anything or listen to any files on Defendant Hale's website. *See* Appendix 1 page 8, ¶ 21.

11. Plaintiffs request this Court to Order Defendant Hale to disclose what software he was using to track people. Plaintiff Liberi interns with several attorney's, and if Defendant Hale placed a "sniffer" on Liberi's computer, which according to his filing sounds as if he did, then she and the attorneys she interns with must notify all their clients of the breach. Sniffers and entering computers are illegal acts. *See* the Declaration of Lisa Liberi, Appendix 1, page 8, ¶ 22; the Declaration of Philip J. Berg, Esq., Appendix 2, page 25, ¶16; and the Declaration of Lisa Ostella, Appendix 4, page 83, ¶6 and pages 85-99;

12. Defendants Motion to Reject, as Plaintiffs interpret as a Motion to Strike is frivolous and as such must be Denied.

13. For the reasons outlined herein, Plaintiffs respectfully Request this Court to Deny Defendant's Motion to Reject.

## II. DEFENDANTS MOTION TO "REJECT" IS IN VIOLATION OF THE FEDERAL RULES OF CIVIL PROCEDURE and THIS COURT'S LOCAL RULES AND MUST BE STRICKEN:

14. Federal Rules of Civil Procedure ["*Fed. R. Civ. P.*"] 7(b)(1)(B) requires the moving party to "state with particularity the grounds for seeking the order". Defendants failed to do so and just asks the Court to Reject Plaintiffs Response in Opposition to his (Hale's) Motion to Dismiss.

15. This Court's Local Rule ["*L.R.*"] 7.1(a) requires the moving party to confer with the opposing side to determine whether the motion is opposed. Defendants failed to confer with any of the Plaintiffs.

16. This Court's *L.R.* 7.1(b) requires the moving party to file a certificate of compliance as to each Motion filed, indicating whether the Motion is opposed or unopposed, L.R. 7.1(b)(1). If the Motion is opposed, the moving party's certificate must state that a conference was held and indicate the date of conference and the identities of the attorney's, or in this case the pro se Plaintiffs, conferring and explain why agreement could **not** be reached, L.R. 7.1(b)(2). If a conference was **not** held, the certificate must explain why it was **not** possible to confer, L.R. 7.1(b)(3). Defendants failed to attempt any conference with any of the Plaintiffs; failed to include a Certificate of Compliance; failed to address why an agreement could **not** be entered into; and also failed to state why a conference could **not** be conducted or why the parties could **not** confer.

17. This Court's *L.R.* 7.1(d) requires all opposed Motions to be accompanied by a Brief that "sets forth the moving party's contentions of fact and/or law, and argument and authorities, unless a brief is **not** required by subsection (h) of this rule. In the instant case, a Motion to Compel requires a brief and certificate of conference. *See L.R.* 7.1(h).

18. Defendants have failed to file a Brief outlining any type of legal authority for this Court to grant the requested relief.

19. Defendants are required to follow all the Federal Rules of Civil Procedure as well as this Court's Local Rules. Our Courts have held that they are **not** inclined to have sympathy on *pro se* litigants. As one Court put it, "*While we have compassion for the plight of the pro se litigant attempting to follow the rules of legal procedure and substantive laws, and therefore construe pro se pleadings and briefs liberally, we must still hold appellant to the same standard as a licensed attorney, requiring that he follow those same rules and laws.*" <u>Mansfield State Bank v. Cohn</u>, 573 S.W.2d 181, 184-85 (Tex. 1978); <u>Cooper v. Circle Ten Council Boy Scouts of Am.</u>, 254 S.W.3d 689, 693 (Tex. App.- Dallas 2008, no pet.). To do otherwise would give a *pro se* litigant an unfair advantage over a litigant represented by counsel, or other *pro se* parties. <u>Mansfield State Bank</u>, 573 S.W.2d at 185; <u>Cooper</u>, 254 S.W.3d at 693.

20. This Court's Clerk has put on this Court's website a handbook for pro se parties. This handbook can be located at http://www.txnd.uscourts.gov/pdf/ProSe/handbook.pdf.  On page two (2) of this handbook it states, "You must follow the Federal Rules of Civil Procedure and the Local Rules of this Court."

21. On June 10, 2011, this Court issued an Order as a result of a letter sent to Your Honor by Defendants Edgar and Caren Hale. *See* Docket No. 181, outlining that all parties were to comply with this Court's Local Rules 5.1, 10.1, 7.1 and 7.2, which Defendants have again failed to do.

22. Plaintiffs respectfully Request this Court to Deny Defendants Motion.

### III. DEFENDANT HALE'S MOTION TO REJECT OR STRIKE PLAINTIFFS REPSONSE IN OPPPOSITION IS IMPROPER and MUST BE DENIED:

23. Defendant moves this Court to Strike Plaintiffs Response in Opposition to his Motion to Dismiss.  Defendant gives all types of excuses as to why Plaintiffs pleading should **not** be considered, but fails to give one legal basis or legal authority.  Instead, Defendant complains because he is unhappy with the issues raised by the Plaintiffs, the legal authority and the legal basis as to why Defendant's Motion must be Denied.

24. "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f). The decision to grant a motion to strike is within the court's discretion. *Jacobs v. Tapscott,* 2004 WL 2921806, at *2 (N.D Tex. Dec. 16, 2004) (Fitzwater, J.), *aff'd on other grounds*, 277 Fed. Appx. 483 (5th Cir.2008). "Both because striking a portion of a pleading is a drastic remedy, and because it is often sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *Id.* (citing *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (Cummings, J.)).

25. Defendant fails to state in his "Motion" why he is seeking to strike Plaintiffs Opposition. Defendant does **not** give any legal authority or any basis for this Court to strike Plaintiffs Response in Opposition. As this Court is aware, our Court's will **not** strike a pleading because a party is unhappy with the Opposing pleading or because the Opposing pleading substantiates the Court's denial of the Motion. In essence, that is what Defendants are asking this Court to do.

26. Defendants do **not** claim in their Motion to Reject/Strike Plaintiffs Opposition to their Motion to Dismiss, Plaintiffs defenses to the Motion, are insufficient nor is Plaintiffs Opposition insufficient warranting its striking and/or rejection. Therefore, Defendants Motion to Reject or Strike must be Denied. *See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d

1045, 1057 (5th Cir. 1982), cert. denied, 459 U.S. 1105 (1983); <u>United States v. Cushman & Wakefield, Inc</u>., 275 F.Supp.2d 763, 768 (N.D. Tex. 2002) (citations omitted). Further, Plaintiffs Opposition to the Defendants Motion to Dismiss do **<u>not</u>** "protract and complicate the litigation", thereby prejudicing the Defendants nor do the Defendants claim such, and therefore do **<u>not</u>** warrant being stricken. *See <u>United States v. Benavides</u>*, 2008 WL 362682, *4-5 (S.D. Tex. 2008).

27.   Plaintiffs Opposition to Defendant Hale's Motion to Dismiss is proper and sufficient and therefore, grounds do **<u>not</u>** exist to strike it. *See <u>Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc</u>.,* 677 F.2d 1045, 1057 (5th Cir. 1982) (Motions to Strike are disfavored and will not be granted when a defense is proper and sufficient as a matter of law).

28.   For the reasons outlined herein, Defendant's Motion to Reject (Strike) Plaintiffs Response in Opposition must be Denied.

### IV.     **PLAINTIFFS PARTICIPATING IN THE FILING OF ONE PLEADING INSTEAD OF FOUR [4] IS COMPLETELY PROPER:**

29.   Defendant on page 2 claims Plaintiffs Response in Opposition to his Motion to Dismiss must be Denied because Plaintiff Philip J. Berg has **<u>not</u>** been admitted to practice law before the Court; all the signatures are typewritten; none of the Plaintiffs have their original signature on any of the documents; all of the

Plaintiffs have "the same address, that of Mr. Berg"; Plaintiffs proposed Order states "Respectfully submitted on behalf of the Plaintiffs…"; and Mr. Berg and his assistant are taking advantage of the Court by **not** having each "person do their own legal work".

30. The Plaintiffs herein work together when responding to Defendants frivolous Motions and there is absolutely **no** reason for Plaintiffs to file four [4] separate pleadings when they agree on the same issues. To require the Plaintiffs to file four [4] separate pleadings is a waste of judicial resources and does nothing more than repeat the Plaintiffs position and "paper" the Court.

    a.    **Plaintiffs Electronic Signatures:**

31. Mr. Berg, although **not** an attorney licensed in the State of Texas or with this Court, is still an Attorney who is required to file electronically. *See* this Court's *L.R.* 5.1(e).

32. When documents are filed electronically, an electronic signature is acceptable. *See* this Court's *L.R.* 11.1. Pro se parties are entitled to sign their pleadings electronically. If the documents are filed electronically by an attorney, representing the parties or as a pro se party, the attorney is required to maintain a copy of the signed pleadings in his office, which Mr. Berg has done. *See* the Declaration of Philip J. Berg, Esquire appearing as Appendix 2, page 2, ¶5 . All Plaintiffs have signed and given their express permission, after full review of the

11

pleading(s), to electronically sign their names to the document. *See* the Declarations of Lisa Liberi, Appendix 1, pages 10-11, ¶¶ 27-28; Declaration of Philip J. Berg, Esquire, Appendix 2, page 22, ¶5; Evelyn Adams, Appendix 3, page 28, ¶2; and Lisa Ostella, Appendix 4, pages 82-83, ¶¶ 2-5.

33. Moreover, as outlined in Plaintiffs declarations, Plaintiffs used to sign their names to their declarations, etc. However, while on the radio discussing Plaintiff Liberi's credit, Defendant Hale removed Plaintiff Lisa Liberi's signature from the Court filed Complaint and from Court filed Verifications and placed it all over the Internet. This was in addition to Plaintiff Lisa Liberi's full Social Security number, date of birth, place of birth, mother's maiden name, address, phone number, husband's name, husband's social security number and other private identifying information ["private data"] was being plastered all over the Internet and sent by mass emailing repeatedly. Defendant Hale had **no** business using Plaintiff Liberi's credit and signature; illegally accessing and obtaining Plaintiff Liberi's credit reports and discussing her credit; illegally accessing and obtaining her primary identifying information and private data. *See* the Declarations of Lisa Liberi, Appendix, page 11, ¶28; Declaration of Philip J. Berg, Esquire, Appendix 2, pages 22-23, ¶7; Declaration of Evelyn Adams, Appendix 3, page 28, ¶4; and Lisa Ostella, Appendix 4, page 82, ¶4. Defendants have also forged documents in

Plaintiffs names. All of this is and has been outlined in this Court case and filed in the Court's Docket several times.

34. Plaintiffs are scared to affix their signature upon any document in which Defendants herein have access. Plaintiffs are unsure as to what Defendants are placing their signatures on, after the removal of Plaintiffs signatures from the document by the Defendants. *See* the Declarations of Lisa Liberi, Appendix 1, page 5, ¶11, and page 11, ¶28; Philip J. Berg, Esquire, Appendix 3, page 22, ¶5; Evelyn Adams, Appendix 3, page 28, ¶¶ 4-5; and Lisa Ostella, Appendix 4, pages 82-83, ¶¶ 4-5.

35. Unless Ordered by the Court otherwise, Plaintiffs will continue signing their documents electronically.

   b. **Plaintiffs Addresses:**

36. Plaintiffs have placed their address in care of Mr. Berg's address due to the harassment they have suffered from the within Defendants. *See* the Declarations of Lisa Liberi, Appendix 1, page 12, ¶ 32; Philip J. Berg, Esquire, Appendix 2, page 23, ¶8; and Lisa Ostella, Appendix 4, page 84, ¶7.

37. Further, Plaintiffs have been harassed by Defendants friends, followers, supporters, and readers of their websites and in Hale's case, radio show. Defendants friends and colleagues have stated to the Plaintiffs that they will show up at the Plaintiffs homes; Plaintiffs have had male individuals appear at their

13

home, who they did **not** know, who were looking in Plaintiff's windows, scrambling their phones, harassing them, etc. *See* the Declarations of Lisa Liberi, Appendix 1, pages11-12, ¶¶ 30-32; Philip J. Berg, Esquire, Appendix 2, page 23, ¶8; Evelyn Adams, Appendix 3, pages 28-30, ¶¶ 6-8; and Lisa Ostella, Appendix 4, page 84, ¶8.

38.     Defendants Hale and Belcher have sent very nasty emails. In fact, Defendant Hale has sent threatening, false, incomprehensible; unacceptable; and disgusting emails to the Plaintiffs. *See* the Declarations of Lisa Liberi, Appendix 1, page 3, ¶¶ 6-8, page 4, ¶¶ 9-10, page 5, ¶12, page 6, ¶¶ 14-17, page 7, ¶¶ 18-19, page 8, ¶20; Evelyn Adams, Appendix 3, pages 28-29, ¶6; and Lisa Ostella, Appendix 4, page 84, ¶8. Plaintiffs received death threats from Defendants and their colleagues' friends, supporters, blog readers, and followers.

39.     For these reasons, Plaintiffs are **not** comfortable and do **not** feel safe in providing their addresses and telephone numbers to the Defendants and therefore, prefer for all communications to go through Mr. Berg.

## V.     CONCLUSION:

40.     For the reasons outlined herein, Plaintiffs respectfully Request this Court to deny Defendants Motion to Reject Plaintiffs Response in Opposition to Defendant Edgar Hale's Motion to Dismiss.

                                         Respectfully submitted,

Dated:  August 31, 2011               /s/ Philip J. Berg
                                        PHILIP J. BERG, ESQUIRE

                                        *Attorney in pro se and as Counsel for the Plaintiffs upon approval of Pro Hac Vice Admission*

The Following Plaintiffs in Pro Se pending Mr. Berg's *Pro Hac Vice* Admission, join in this Opposition to Defendant Edgar Hale's Motion to Reject Plaintiffs Opposition to Defendant Hale's Motion to Dismiss; and have given full permission for their electronic signature to be input on the within document.  Further, Mr. Berg maintains in his office, the originally signed copies by each of the following Plaintiffs:

Dated:  August 31, 2011               /s/ Evelyn Adams
                                        EVELYN ADAMS, Plaintiff

Dated:  August 31, 2011               /s/ Lisa Ostella
                                        LISA OSTELLA, and
                                        GO EXCEL GLOBAL, Plaintiffs

Dated:  August 31, 2011               /s/ Lisa Liberi
                                        LISA LIBERI, Plaintiff