Law Offices of:
**PHILIP J. BERG, ESQUIRE**
Identification   No. 09867
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph:  (610) 825-3134                              *Attorney in pro se and as Counsel for*
Fx:  (610) 834-7659                              *the Plaintiffs upon approval of Pro*
Email:  philjberg@gmail.com             *Hac Vice Admission*

EVELYN ADAMS, Plaintiff
c/o **PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph:  (610) 825-3134
Fx:  (610) 834-7659                              *In Pro Se, Pending Mr. Berg's Pro*
Email:  philjberg@gmail.com             *Hac Vice Admission*

LISA OSTELLA, and GO EXCEL GLOBAL, Plaintiffs
c/o **PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph:  (610) 825-3134
Fx:  (610) 834-7659                              *In Pro Se, Pending Mr. Berg's Pro*
Email:  philjberg@gmail.com             *Hac Vice Admission*

LISA LIBERI, Plaintiff
c/o **PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph:  (610) 825-3134
Fx:  (610) 834-7659                              *In Pro Se, Pending Mr. Berg's Pro*
Email:  philjberg@gmail.com             *Hac Vice Admission*

**U.S. DISTRICT COURT, NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

_____

| | |
|---|---|
| LISA LIBERI, et al, | |
| Plaintiffs, | CIVIL ACTION |
| vs. | Case No. 2:11-cv-00090-J |
| LINDA SUE BELCHER, et al, | Honorable Mary Lou Robinson |
| Defendants. | |

# PLAINTIFFS MEMORANDUM OF POINTS AND AUTHORITIES (BRIEF) IN SUPPORT OF THEIR OPPOSITION TO DEFENDANT HALE'S MOTION FOR SUBPOENA POWER

## ARGUMENT

I.   **FACTS:**

1. Plaintiffs incorporate by reference their Motion for a Protective Order, Docket No. 186, as if fully set forth here at length.

2. Defendants Edgar and Caren Hale ["Hale" or "Defendants"] filed a Motion to Compel on August 17, 2011, Docket No. 187.  Tied in with this Motion, they have two (2) additional Motions, a Motion to Reject Plaintiffs Response in Opposition to his Motion to Dismiss and a Motion for Subpoena Power.

3. Plaintiffs filed a Motion for a Protective Order on August 16, 2011 as a result of Defendant Edgar Hale's abuse of our Court's Discovery and Subpoena process. *See* Docket No. 186.

4. Defendant sent a Subpoena attempting to obtain Plaintiff Lisa Liberi's ["Liberi"] telephone records without any type of service notification to the Plaintiffs or to Plaintiff Lisa Liberi who the private records belonged to.

5. Plaintiff Liberi's telephone records have **no** bearing to the within case, nor do they assist any of the Defendants with any type of defenses.  Defendants have absolutely **no** entitlement to Plaintiff Liberi's telephone records.

6. Plaintiffs learned of this Subpoena and Defendant Edgar Hale's attempt to secure documents of Plaintiff Liberi, which he was **not** entitled, as a result of CT Corporation returning his Subpoena to this Court. *See* Docket No. 184.

7. Once notified of Defendant Hale's abuse of the Subpoena, Plaintiffs filed a Motion for a Protective Order. *See* Docket No. 186.

8. Instead of Defendants responding to Plaintiffs Motion for a Protective Order, they have included in their Motion to Compel, Docket No. 187 a Motion for this Court to Grant them "Subpoena Power". *See* Docket No. 187, page 11.

9. Plaintiffs object to Defendants Motions for a Subpoena and for the reasons stated herein, Defendants Motion for "Subpoena Power" must be Denied.

**II. DEFENDANTS MOTION FOR SUBPOENA POWER IS IN VIOLATION OF THE FEDERAL RULES OF CIVIL PROCEDURE and THIS COURT'S LOCAL RULES AND MUST BE STRICKEN:**

10. Federal Rules of Civil Procedure ["*Fed. R. Civ. P.*"] 7(b)(1)(B) requires the moving party to "state with particularity the grounds for seeking the order". Defendants failed to do so and just asked the Court to Reject Plaintiffs Response in Opposition to his (Hale's) Motion to Dismiss.

11.    This Court's Local Rule ["*L.R.*"] 7.1(a) requires the moving party to confer with the opposing side to determine whether the motion is opposed. Defendants failed to confer with any of the Plaintiffs.

12.    This Court's *L.R.* 7.1(b) requires the moving party to file a Certificate of Compliance as to each Motion filed, indicating whether the Motion is opposed or unopposed, L.R. 7.1(b)(1).  If the Motion is opposed, the moving party's certificate must state that a conference was held and indicate the date of conference and the identities of the attorney's, or in this case the pro se Plaintiffs, conferring and explain why agreement could **not** be reached, L.R. 7.1(b)(2).  If a conference was **not** held, the certificate must explain why it was **not** possible to confer, L. R. 7.1(b)(3).  Defendants failed to attempt any conference with any of the Plaintiffs; failed to include a Certificate of Compliance; failed to address why an agreement could **not** be entered into; and also failed to state why a conference could **not** be conducted or why the parties could **not** confer.

13.    This Court's *L.R.* 7.1(d) requires all opposed Motions to be accompanied by a Brief that "sets forth the moving party's contentions of fact and/or law, and argument and authorities, unless a Brief is **not** required by subsection (h) of this rule.  In the instant case, a Motion to Compel requires a Brief and Certificate of Conference. *See L.R.* 7.1(h).

14. Defendants have failed to file a Brief outlining any type of legal authority for this Court to grant the requested relief.

15. Defendants are required to follow all the Federal Rules of Civil Procedure as well as this Court's Local Rules.  Our Courts have held that they are **not** inclined to have sympathy on *pro se* litigants.  As one Court put it, "*While we have compassion for the plight of the pro se litigant attempting to follow the rules of legal procedure and substantive laws, and therefore construe pro se pleadings and briefs liberally, we must still hold appellant to the same standard as a licensed attorney, requiring that he follow those same rules and laws.*" Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978); Cooper v. Circle Ten Council Boy Scouts of Am., 254 S.W.3d 689, 693 (Tex. App. - Dallas 2008, no pet.).  To do otherwise would give a *pro se* litigant an unfair advantage over a litigant represented by counsel, or other *pro se* parties. Mansfield State Bank, 573 S.W.2d at 185; Cooper, 254 S.W.3d at 693.

16. This Court's Clerk has put on this Court's website a handbook for pro se parties.  This handbook can be located at http://www.txnd.uscourts.gov/pdf/ProSe/handbook.pdf.  On page two (2) of this handbook it states, "You must follow the Federal Rules of Civil Procedure and the Local Rules of this Court."

17. On June 10, 2011, this Court issued an Order as a result of a letter sent to Your Honor by Defendants Edgar and Caren Hale. *See* Docket No. 181, outlining that all parties were to comply with this Court's Local Rules 5.1, 10.1, 7.1 and 7.2, which Defendants have again failed to do.

18. Plaintiffs respectfully Request this Court to Deny Defendants Motion, Grant Plaintiffs Protective Order and issue an Order that Defendants are to seek Leave of Court prior to the filing of any Subpeona's.

### III.   **DEFENDANTS MOTION IS IMPROPER – THERE ARE MECHANISMS IN PLACE WHICH DICTATE HOW DISCOVERY IS TO TAKE PLACE, THIS INCLUDES SUBPOENAS:**

19. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth here at length.  Plaintiffs also incorporate their Motion for a Protective Order filed August 16, 2011, Docket No. 186 as if fully set forth here at length.

20. Defendant Edgar Hale is requesting this Court to issue him Subpoena Power.  In so doing, Defendant claims that if the Court grants him the Subpoena Power, then he will be able to prove that Plaintiffs have deprived him and Defendant Caren Hale of their First Amendment Rights. [Def. MTS, page 11].

21. Defendant's statements are contrary to what he stated on his Radio Show, the Lions Den on August 16, 2011.

22.     "The subpoena power is a substantial delegation of authority to private parties, and those who invoke it have a grave responsibility to ensure it is not abused." <u>Theofel v. Farey Jones</u>, 359 F.3d 1066, 1074 (9th Cir. 2004). Defendant Edgar Hale has already abused his Subpoena Power.

    A.     **<u>Discovery has not commenced as of this date:</u>**

23.     Federal Rules of Civil Procedure 26(d)(1) states:

> "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."

24.     The parties have **not** conferred, and a scheduling conference has **not** taken place as of this date.  Furthermore, Defendant Hale has **not** met any exceptions to our Federal Rules of Civil Procedure.

25.     For this reason, Defendant Hale's Motion for Subpoena Power must be Denied.

    B.     **<u>Defendant Hale issued unauthorized subpoenas in attempts to gain access to Plaintiffs private data for which he is not privy and that no legal basis exists to give him access:</u>**

26.     Specifically, notwithstanding the clear prohibition on issuing discovery prior to a Rule 26(f) discovery conference, Defendant Edgar Hale surreptitiously issued unauthorized Subpoenas to an unknown number of companies seeking confidential records of the Plaintiffs, to which he was **not**

7

entitled. Moreover, Defendant Hale failed to serve or notice any of the Plaintiffs, specifically the Plaintiffs that the Subpoenas pertained to.

27. Defendant Edgar Hale is seeking telephone records of Plaintiff Lisa Liberi without notification to Mrs. Liberi or her attorney, which have absolutely **no** bearing on the within action. The within case was filed due to and for Defendants, including Edgar Hale, invasion of Plaintiffs privacy, harassment, slander, libel, defamation, cyber-stalking, cyber-bullying, cyber-harassment and other torts. Plaintiffs telephone records have nothing to do with the within litigation nor any defense thereto and the Subpoena is completely improper.

28. The Federal Rules of Civil Procedure provide, "[u]nless otherwise limited by court order . . . [p]arties may obtain discovery regarding any **nonprivileged** matter that is **relevant to any party's claim or defense** . . ." *Fed. R. Civ. P.* 26(b)(1). [emphasis added]

29. Generally, the scope of discovery is broad and permits the discovery of "any nonprivileged matter that is relevant to any party's claim or defense." *Fed. R. Civ. P.*. 26(b)(1); *See* <u>Wyatt v. Kaplan</u>, 686 F.2d 276, 283 (5th Cir. 1982), <u>Coughlin v. Lee</u>, 946 F.2d 1152, 1159 (5th Cir. 1991). A discovery request is relevant when the request seeks admissible evidence or "is reasonably calculated to lead to the discovery of admissible evidence." <u>Wiwa v. Royal Dutch Petroleum Co.</u>, 392 F.3d 812, 820 (5th Cir. 2004) (citation and internal marks omitted); *See*

*Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1157, 1162 (10th Cir. 2010).

30. Plaintiff Liberi's telephone records are confidential, are **not** relevant to the within litigation nor is there any way they would assist in the Defendants defenses; they will **not** and would **not** lead to discovery of admissible evidence; telephone numbers of who contacted Plaintiff or who Plaintiff contacted is privileged information as it contains Mr. Berg's clients telephone numbers and other private data. Plaintiff Liberi's telephone records contain privileged data; Plaintiffs fear Defendants will again publish the private data, and improperly share Plaintiffs private information with litigants in separate cases and therefore, warrants a Protective Order. *See* *Scott v. Monsanto Co*., 868 F.2d 786, 792 (5th Cir. 1989). The Federal Rules of Civil Procedure protect exactly this kind of confidential information especially when the discovering party seeks documents **not** relevant to the lawsuit. *Fed. R. Civ. P.* 26(c)(1)(G); *Fed. R. Civ. P.* 45(c)(3)(B)(i); *See also* *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 612-613 (E.D. Va. 2008) (request to non-party for confidential information **not** related to claims at issue was overbroad and, therefore, imposed an undue burden).

**C.     The only reason Defendant Hale is seeking subpoena power is because Plaintiffs have a pending Motion for a Protective Order to preclude Defendant Hale from subpoenaing their records without Leave of Court upon Good Cause:**

31.     Once Defendant Hale was caught issuing unauthorized Subpoenas for records and documents of Plaintiffs he was **not** entitled to, and failing to serve or notice any of the Plaintiffs, including the Plaintiff the Subpoena pertained to, Plaintiffs moved for a Protective Order.

32.     Plaintiff in their Motion for a Protective Order requested that none of the Defendants be permitted to obtain, issue or seek a Subpoena without Prior Leave of Court for good cause shown.

33.     Plaintiffs are also seeking all companies, parties, associations, businesses, etc. that other Subpoenas were issued upon, and for any and all records or documents sought and/or obtained.  Plaintiffs further asked this Court for an Order that all Defendants were to withdraw all outstanding Subpoenas, and provide a list of the withdrawn Subpoenas to this Court and Plaintiffs. *See* Plaintiffs Motion for Protective Order filed August 16, 2011, Docket No. 186.

34.     The very next day, on August 17, 2011, Defendants filed a Motion to Compel, Docket No. 187, which also included a Motion for Subpoena Power. Defendants fail to state what records they are seeking; why a Subpoena is necessary; the urgency in obtaining said material; why a Subpoena should be

Liberi, et al Plaintiffs Resp. in Opp Brief to Def. Edgar Hale's Motion for Subpoena Power

allowed and/or issued prior to the commencement of discovery; and they failed to provide a Brief which gives this Court legal authority to issue the requested relief.

35. Federal Rules of Civil Procedure ["*Fed. R. Civ. P.*"] 45 govern how Subpoenas are issued; the service of Subpoenas; and other issues which may arise from the service of a Subpoena.

36. Defendant Hale is **not** an attorney licensed in this Court or any Court and therefore, does **not** have the ability to sign a Subpoena, *Fed. R. Civ. P*. 45(a)(3).

### D.  **Defendant Edgar Hale has not been honest with this Court as to why he wants Subpoena Power and what his true intentions are:**

37. Defendant Edgar Hale is requesting this Court to issue him Subpoena Power. In so doing, Defendant claims that if the Court grants him the Subpoena Power then he will be able to prove that Plaintiffs have deprived him and Defendant Caren Hale of their First Amendment Right. [Def. MTS, page 11].

38. However, on August 16, 2011, Defendant Edgar Hale broadcasted all over the Internet, through HAM radio, through AM network stations, etc. that he filed a "Motion to be able to Subpoena" and if he gets that Motion to be able to Subpoena, he will use it to Subpoena Plaintiff Lisa Liberi's telephone records and he will Subpoena George Solazon, the Private Investigator in Hawaii, his records and he claims he will prove Plaintiff Lisa Liberi "forged a document to a court…in

Wellington". Defendant Hale further states when he gives it to the District Attorney ["DA"], the DA will put Plaintiff Lisa Liberi's "butt in jail for 10 years"[1]. Defendant Hale continues, "Now that is why they don't want me getting a hold of that stuff and all I have to do is prove it and a DA will come after them."

39.  Defendant Hale is talking about a case he filed against Plaintiff Evelyn Adams ["Adams"] in Wellington, Texas. This case pertained to President Obama's mother's divorce papers, where she divorced President Obama's father The case was dismissed with prejudice. Plaintiff Lisa Liberi ["Liberi"] did **not** have anything to do with this case, other than research the Texas Laws in order for Mr. Berg to respond on behalf of Adams. Liberi did **not** file an Affidavit, a declaration, nothing. *See* the Declaration of Lisa Liberi appearing as Docket No. 188-3; Declaration of Philip J. Berg, Esquire, Docket No. 188-4; Declaration of Evelyn Adams, Docket No. 188-5; and Declaration of Lisa Ostella, Docket No. 188-6. *See* also the transcript of this radio program attached hereto as **APPENDIX "1"**, page 2 at 10:54 and 11:20.

40.  Moreover, Defendant states and admits he is attempting to use this case to obtain Lisa Liberi's telephone records based on his false allegations in a case which was dismissed with prejudice, which Plaintiff Liberi had absolutely nothing to do with.

---

[1] Defendant Hale is screaming at this point in his radio show.

41.     Defendant Hale has been falsely accusing Plaintiff Liberi of forging documents; that Plaintiff Liberi was going to jail in Wellington for Perjury; for forgery; that Lisa Liberi is committing crimes.  This is exactly the slander, libel and defamation Liberi is suing Defendant Hale for.  Liberi has never had anything to do with any of the Hale Defendants, nor is Liberi a public person.  Hale should **not** be discussing Liberi on his radio show whatsoever.[2]  The reason Plaintiffs are seeking a Protective Order, is to stop Defendants from attempting to or obtaining records they are **not** entitled to.

42.     Defendant Hale then states, "that Judge up there in Amarillo does nothing, she allows Berg to run all over her, she will not enforce her order and kick their motion back and say Denied because you do not have the authority to put them in here, but instead she files them."  "These people use the system to abuse other people ..."  "Mr. Berg and company they have stifled my free speech…".  "Trust me they won't get a damn dime…Berg will not get one damn dime".  "You know something, I have been out thousands and thousands of dollars on this and I don't see an end in sight because our court systems are so crooked.  They allow shysters like Philip Berg to do whatever they want to when they want to.  I always thought that the Court had an obligation to go for the truth, I don't think they care anymore I don't think they give a damn… I think this country is so damn corrupt

---

[2] Defendant Hale's Radio Program is broadcast over the AM network; it is not only an Internet

that nobody gives a shit…" "Like I said I will see you dead in hell before you ever get a dime of my money, and that is just an expression that you won't get a dime…but I'm sure you will send this up to the Judge that I am threatening you, but I am tape recording this and I will send the Judge a copy of it." "I didn't realize our court system was so corrupt…" "…this system is corrupt, every judge in that system is corrupt, they don't give a damn, all they are wanting is a few bucks and their retirement, they don't care about the truth, they could give a shit less about the truth."

43.   The truth of the matter is, Defendants only want Subpoena Power to further violate our discovery rules; invade the Plaintiffs privacy; cost Plaintiffs money in being forced to quash Subpoenas they are aware of, and to further publish false statements, false stories about the Plaintiffs and the private data of the Plaintiffs. *See* the radio transcript attached hereto as **APPENDIX "1"**.

44.   Defendants Motion for Subpoena Power must be Denied.

### IV.   **CONCLUSION:**

45.   For the reasons outlined herein, Defendant Edgar Hale's Motion to Issue Subpoena's must be Denied.

---

Show.  Defendant Hale also broadcasts his shows through his HAM networks.

Respectfully submitted,

Dated:  September 1, 2011         /s/ Philip J. Berg
                                  PHILIP J. BERG, ESQUIRE

                                  *Attorney in pro se and as Counsel for the Plaintiffs upon approval of Pro Hac Vice Admission*

The Following Plaintiffs in Pro Se pending Mr. Berg's *Pro Hac Vice* Admission, join in this Opposition to Defendant Edgar Hale's Motion to issue Subpoenas [Subpoena Power]; and have given full permission for their electronic signature to be input on the within document.  Further, Mr. Berg maintains in his office, the originally signed copies by each of the following Plaintiffs:

Dated:  September1, 2011          /s/ Evelyn Adams
                                  EVELYN ADAMS, Plaintiff

Dated:  September 1, 2011         /s/ Lisa Ostella
                                  LISA OSTELLA, and
                                  GO EXCEL GLOBAL, Plaintiffs

Dated:  September1, 2011          /s/ Lisa Liberi
                                  LISA LIBERI, Plaintiff