Law Offices of:
**PHILIP J. BERG, ESQUIRE**
Identification No. 09867
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph: (610) 825-3134
Fx: (610) 834-7659
Email:  philjberg@gmail.com                    A*ttorney in pro se*

EVELYN ADAMS, Plaintiff
c/o **PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph: (610) 825-3134
Fx: (610) 834-7659
Email:  philjberg@gmail.com

LISA OSTELLA, and GO EXCEL GLOBAL, Plaintiffs
c/o **PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph: (610) 825-3134
Fx: (610) 834-7659
Email:  philjberg@gmail.com

LISA LIBERI, Plaintiff
c/o **PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph: (610) 825-3134
Fx: (610) 834-7659
Email:  philjberg@gmail.com

### U.S. DISTRICT COURT, NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | |
|---|---|
| LISA LIBERI, et al, | |
| Plaintiffs, | CIVIL ACTION |
| vs. | |
| | Case No. 2:11-cv-00090-J |
| LINDA SUE BELCHER, et al, | |
| | Honorable Mary Lou Robinson |
| Defendants. | |

Liberi, et al Plaintiffs Notice to the Court re Hales Fraudulent BK and statements to the Court

# **TABLE OF CONTENTS**

**Page(s)**

TABLE OF CONTENTS………………………………………….………..i

TABLE OF AUTHORITIES……………………………………………....ii-iii

NOTICE TO THE COURT OF FRAUD BY DEFENDANTS
EDGAR AND CAREN HALE…………………………………………....1-23

    I.    DEFENDANTS EDGAR S. and CAREN J. HALE
        ARE ATTEMPTING TO DEFRAUD THIS COURT
        WITH THEIR BANKRUPTCY STATEMENTS and
        HAVE PERPETRATED FRAUD UPON THE U.S.
        BANKRUPTCY COURT, CENTRAL DISTRICT OF
        TEXAS, AMARILLO DIVISION: …………………….............3-14

        A.    THE HALES BANKRUPTCY…...………………………3-6

        B.    REVIEW of THE HALES BANKRUPTCY
                SCHEDULES SHOWED THE HALES FAILED
                TO DISCLOSE ALL ASSETS and DEFRAUDED
                THE BANKRUPTCY COURT:…………………….…...6-12

        C.    THE HALES DECEMBER 15, 2011 LETTER TO
                THIS COURT IS ANOTHER BLATANT ATTEMPT
                TO MISLEAD and DEFRAUD THIS COURT and
                THE PLAINTIFFS:……………………………………..13-14

    II.    THE HALES PERJURED STATEMENTS TO THIS
         COURT ABOUT BAR H FARMS, INC. ONLY BEING
         an EMAIL ADDRESS**:**……………………………………15-16

    III.    THE FRAUDULENT CONVEYANCE OF EDGAR S.
         and CAREN J. HALES "FARM" LAND and PROPERTY
         LOCATED AT 1305 ENNIS STREET, WELLINGTON,
         TEXAS**:**…………….................................................16-22

    IV.    CONCLUSION………………………………………...22

# TABLE OF AUTHORITIES

**CASES**                                                                                      **Page(s)**

*Blackthorne v.Bellush* , 61 S.W.3d 439, 443
 (Tex.App.--San Antonio 2001, no pet.)…………………………………………..18

*Chapman v. Olbrich*, 217 S.W.3d 482, 495-96
(Tex. App.--Houston [14th Dist.] 2006, no pet.)………………………………….19

*Connell v. Connell*, 889 S.W.2d 534, 542
(Tex.App.--San Antonio 1994, writ denied)………………………………………18

*Farrington v. First Nat'l Bank of Bellville*, 753 S.W.2d 248, 250
(Tex. App.--Houston [1st Dist.] 1988, writ denied)………………………….……19, 22

*In re Brown*, 191 B.R. 99, 101-02 (Bankr. N.D. Tex. 1995)…………………..19, 20

*Jackson Law Office, P.C. v. Chappell*,
37 S.W.3d 15, 25 (Tex. App.--Tyler 2000, pet. denied)……………………...…18

*Kendall Builders, Inc. v. Chesson* , 149 S.W.3d 796, 809
(Tex. App.--Austin 2004, pet. denied)…………………………………………….…19

*Matter of Claflin*, 761 F.2d 1088, 1091 (5th Cir. 1985)………………………19, 21

*Telephone Equipment Network, Inc. v. TA/Westchase Place, Ltd.*,
80 S.W.3d 601, 607 (Tex.App.--Houston [1st Dist.] 2002, no pet.)…………......…18

**FEDERAL STATUTES**                                                                           **Page(s)**

11 U.S.C.A. § 548………………………………………………………………..18

## TABLE OF AUTHORITIES – Continued

### TEXAS CONSTITUTION                                          Page(s)

Art. 16, §50……………………………………………………….…..9, 18

Art. 16, §51……………………………………………………….…..9, 18


### TEXAS STATUTES                                              Page(s)

Title 5, Subtitle A, Ch 42 §42.001(a)…………………………………....9

Title 5, Subtitle A, Ch 42 §42.002(a)(10)………………………………….9

Title 5, Subtitle A, Ch 42 §42.002(a)(3)…………………………...…9

Title 5, Subtitle A, Ch. 44 §44.001…………………………………....9

Title 5, Subtitle A, Ch. 44 §44.002………………………………………9

Title 5, Subtitle A, Ch. 42 §42.002(a)(9)………………………………….11

Tex. Bus. & Com. Code § 24.002(2)(A)………………………………….18

Tex. Bus. & Com. Code § 24.002(12)………………………………….18

Tex. Bus. & Com. Code § 24.005(a)(1)…………………………………18

Tex. Bus. & Com. Code §24.006(a)……………………………...…17

## NOTICE TO THE COURT OF FRAUD BY
## DEFENDANTS EDGAR and CAREN HALE

TO THE HONORABLE COURT:

Plaintiffs Philip J. Berg, Esquire, Evelyn Adams, Lisa Liberi, Lisa Ostella, Go Excel Global and the Law Offices of Philip J. Berg files the within Notice of Fraud upon the Court perpetrated by Defendants Edgar and Caren Hale regarding Defendants Edgar and Caren Hales false, with fraudulent intent, letter to this Court dated December 15, 2011 on behalf of themselves, Plains Radio Network, Inc., KPRN AM 1610, and Bar H. Farms, Inc. [hereinafter at times "Defendants"] claiming Edgar S. Hale, Caren J. Hale, Plains Radio Network, Inc. Bar H. Farms, Inc. and KPRN AM 1610 filed Chapter 7 Bankruptcy.  This Notice is also to place this Court on Notice regarding the fraudulent and false statements Defendants Edgar S. Hale and Caren Hale have filed with this Court in regards to their Corporations; and regarding Defendants Edgar and Caren Hales fraudulent conveyance of the land they own, which they call their "farm".  Plaintiffs Notice is based on this Notice, Exhibits attached hereto and the Declarations of Philip J. Berg, Esquire, Lisa Liberi, K. Strebel and Lisa Ostella.  In support hereof, Plaintiffs aver as follows:

## I.   DEFENDANTS EDGAR S. and CAREN J. HALE ARE ATTEMPTING TO DEFRAUD THIS COURT WITH THEIR BANKRUPTCY STATEMENTS and HAVE PERPETRATED FRAUD UPON THE U.S. BANKRUPTCY COURT, CENTRAL DISTRICT OF TEXAS, AMARILLO DIVISION:

### A.   THE HALES BANKRUPTCY:

Pursuant to this Court's Order of December 13, 2011, Docket No. ["DN"] 200 Ordering this case to Mediation, Plaintiffs immediately began working on names of Mediators, scheduling a conference with all Plaintiffs and Defendants, etc.  On December 14, 2011, Plaintiffs through Plaintiff Berg sent an email to all the Defendants with a copy of this Court's Order, DN 200. *See* **EXHIBIT "1"** attached hereto.   See also the Declarations of Philip J. Berg, Esquire and Lisa Liberi pg. 1, ¶1, filed concurrently herewith.

Defendant Edgar Hale responded to the email claiming to have filed Bankruptcy.  Mr. Hale stated, "YOu have jsut voliated Federal bankruptcy law. I will do what I can to see that you get jail time for this. Ed Hale". *See* **EXHIBIT "2"**.  None of the Plaintiffs had been notified of any Bankruptcy filing by any of the Defendants.  Therefore, Plaintiffs through Mr. Berg responded to Mr. Hale informing him that none of the Plaintiffs had been notified of any Bankruptcy filing by any of the Defendants and requested who filed Bankruptcy, the date of filing, Chapter, the Judge and District in which the Bankruptcy was assigned. *See* **EXHIBIT "3"**.  Mr. Hale responded claiming the Plaintiffs had been notified and

that his attorney was Patrick Swindell of Amarillo, Texas. *See* **EXHIBIT "4"**. See the Declarations of Philip J. Berg, Esquire and Lisa Liberi pg. 1, ¶2, filed concurrently herewith.

Plaintiff Lisa Liberi on behalf of the Law Offices of Philip J. Berg contacted Mr. Swindell's Office and was informed that Mr. Hale had filed a Chapter 7 Bankruptcy and provided case number 11-20630-rlj. Mrs. Liberi was also informed that the Bankruptcy had been filed in the U.S. Bankruptcy Court for the Northern District of Texas, Amarillo Division. See the Declaration of Lisa Liberi filed concurrently herewith.

Meanwhile, Plaintiff Lisa Ostella went into her Pacer account and pulled the Docket to Edgar S. and Caren J. Hales Chapter 7 Bankruptcy. *See* **EXHIBIT "5"**. The Bankruptcy Docket clearly shows Edgar S. and Caren J. Hale filed a Chapter 7 Bankruptcy in "pro se" on November 3, 2011; however, they used a Bankruptcy preparer to prepare their paperwork. As can also be seen, Edgar S. and Caren J. Hale filed as joint debtors, husband and wife, a personal Bankruptcy and there is **<u>no</u>** showing of Plains Radio Network, Inc., KPRN AM 1610 and/or Bar H. Farms, Inc. Mrs. Ostella also pulled the Credit Matrix list and sent it to Plaintiff Lisa Liberi to review. *See* **EXHIBIT "6"**. As can be seen, **<u>none</u>** of the Plaintiffs in this case are listed as "creditors". See the Declarations of Lisa Ostella and Lisa Liberi filed concurrently herewith.

Mrs. Liberi called Mrs. Ostella and asked Mrs. Ostella to click on the creditor tab in Pacer to ensure none of the Plaintiffs in this case had been added after the Credit Matrix had been filed. Mrs. Ostella complied and sent the information to Mrs. Liberi. *See* **EXHIBIT "7"**. In the "Creditor" listings in Pacer, **none** of the Plaintiffs are named or included as creditors in Mr. and Mrs. Hales Bankruptcy. See the Declarations of Lisa Liberi at pgs. 3-4, ¶4 and Lisa Ostella at pgs. 2-3, ¶¶3, 4 and 5, filed concurrently herewith.

Mrs. Ostella also conducted a search in the U.S. Bankruptcy Court; Northern District of Texas a search for Bar H. Farms, to ensure Bar H. Farms, Inc., Plains Radio Network, Inc. and KPRN AM 1610 had **not** filed Bankruptcy. The first search was Bar H. Farms, Pacer showed **no** cases. *See* **EXHIBIT "8"**. Mrs. Ostella then searched Plains Radio Network, Pacer showed **no** cases. *See* **EXHIBIT "9"**. Mrs. Ostella then searched KPRN, again Pacer showed **no** cases, *See* **EXHIBIT "10"** and last, Mrs. Ostella searched Plains Radio, again **no** cases were shown from Pacer. *See* **EXHIBIT "11"**. See the Declarations of Lisa Ostella at pg. 3, ¶6 and Lisa Liberi at pg. 4, ¶5, filed concurrently herewith.

Plaintiff Lisa Ostella downloaded from Pacer, the Hales Bankruptcy Schedules. The Hales Schedule "A" is attached as **EXHIBIT "12"**; and the Hales Bankruptcy Petition, Notice to Debtor by Non Attorney Bankruptcy Preparer, 11 U.S.C. 527(B) Disclosure, 11 U.S.C. 527(a)(2) Disclosure, Summary of Schedules,

Hales Declaration Concerning Debtor's Schedules, Schedules "B" through "J", and other miscellaneous forms are attached hereto as **EXHIBIT "13"**.   See the Declarations of Lisa Ostella at pg. 4, ¶7 and Lisa Liberi at pg. 3, ¶4, filed concurrently herewith.

**B.**   **REVIEW of THE HALES BANKRUPTCY SCHEDULES SHOWED THE HALES FAILED TO DISCLOSE ALL ASSETS and DEFRAUDED THE BANKRUPTCY COURT:**

Plaintiffs commenced suit against Edgar S. Hale, Caren Hale, Plains Radio Network, Inc., Bar H Farms, and KPRN AM 1610 on May 9, 2009.  Plaintiffs were aware that Edgar and Caren Hale owned and operated Plains Radio Network, Inc., Bar H Farms and KPRN AM 1610.  Plaintiffs were also aware that Defendants Edgar and Caren Hale owned the home they resided in located at 1401 Bowie Street, Wellington, TX 79095; two [2] rental properties located at 1001 Belton Street, Wellington, Texas and 810 Haskell Street, Wellington, Texas; 160 Acres of land with a legal description of "AB 97 BLK 12 SEC 13 NW 4"; Farm Equipment with substantial value; a Radio Tower; cows; and other farm animals. See the Declaration of Lisa Liberi filed concurrently herewith. It was also discovered the Hales owned a property located at 1305 Ennis Street, Wellington, Texas which the Hales fraudulently transferred into the name of Stacy Lynn Andrews on September 16, 2010.  There may be additional properties owned and fraudulently transferred by the Hales that the Plaintiffs have not found as of this date.  However, Plaintiffs

are continuing their investigations into the assets of the Hales, Bar H Farms, Plains Radio Network and KPRN AM 1610.

Defendants Edgar and Caren Hale have threatened that Plaintiffs will **not** receive a penny from them; that they will file Bankruptcy; that Plaintiffs will get nothing, etc. on their radio shows and postings on the Internet. *See* the Declarations of Lisa Ostella, K. Strebel and Lisa Liberi filed concurrently herewith.

On December 15, 2011, Plaintiff Lisa Liberi searched all of Defendants Edgar and Caren Hales property records through Collingsworth County Tax Records online at http://www.taxnetusa.com/texas/collingsworth.  The Hales property located on Bowie Street transferred from Edgar and Caren Hale to Bar H Farms, Inc. on February 14, 2006 located in the Collingsworth Tax Assessor's Office as Volume No. 479, page 312, Acct. No. 3891, *See* **EXHIBIT "14"**; the Hales Rental Property located at 1001 Belton Street, Wellington, Texas was transferred from Edgar and Caren Hale to Bar H. Farm, Inc. on February 14, 2006 located in the Collingsworth County Tax Assessor's Office as Volume No. 479, page 312, Acct. No. 4856, *See* **EXHIBIT "15"**; the Hales Rental Property located at 810 Haskell Street, Wellington, Texas was transferred from Edgar and Caren Hale to Bar H Farms, Inc. on February 14, 2006 located in the Collingsworth County Tax Assessor's Office as Volume No. 479, page 312, Acct. No. 3977, *See*

**EXHIBIT "16"**; and the Hales acreage, farm equipment and live-stock located at AB 97 BLK 12 SEC 13 NW 4, which the Hales inherited from Mr. Hales parents, were transferred by Defendants Edgar and Caren Hale from Bar H. Farms, Inc. to Edgar Hale III and Caren Hale on July 1, 2010, located in the Collingsworth County Tax Assessor's Office as Volume No. 517, page 22, Acct. No. 455, *See* **EXHIBIT "17"**. See the Declaration of Lisa Liberi filed concurrently herewith. Plaintiffs then located another property owned by the Hales located at 1305 Ennis Street, Wellington, TX 79095.  This property was placed in the name of Bar H Farms, Inc. by Edgar and Caren Hale and then transferred by Edgar and Caren Hale to Stacy Lynn Andrews on September 16, 2010, located in the Collingsworth County Tax Assessor's Office as Volume No. 518, page 111, see **EXHIBIT "18"**. This transfer was also conducted by Defendants Edgar and Caren Hale fraudulently as they knew they were in litigation.  As stated, there may be additional assets owned by the Hale Defendants and/or fraudulently transferred.  Plaintiffs have not completed their investigation and/or discovery into the Hale Defendants assets.

Defendants Edgar and Caren Hale, knowing they were filing Bankruptcy to deprive Plaintiffs of recouping any damages transferred their Ennis Street property out of Bar H Farms, Inc. into the name of Stacy Lynn Andrews on September 16, 2010 and transferring their farm land, equipment and live-stock from Bar H Farms, Inc. to their personal names, Edgar Hale III and Caren Hale on July 1, 2010, and

maintained all their other properties under Bar H Farms, Inc. See the Declaration of Lisa Liberi filed concurrently herewith.

When reviewing the Hales Bankruptcy Schedule A, the only property listed is the farm land. *See* **EXHIBIT "12".** Defendants Edgar and Caren Hale also exempted their live-stock; *See* **EXHIBIT "13"**, page 3 of Schedule "B". In fact, the Hales exempt $125,600.00 with the land, farm equipment and livestock claiming the land to be the only real estate they own. The Exemptions claimed are as follows:

Farm Land, 160 Acres Exemptions claimed, *See* Hales Bankruptcy Schedule C:

| | |
|---|---|
| Art. 16, §50 | Homestead Exemption |
| Art. 16, §51 | Amount of Homestead Exemption |

Texas property Codes claimed

| | |
|---|---|
| Title 5, Subtitle A, Ch. 44 §44.001: | Definition |
| Title 5, Subtitle A, Ch. 44 §44.002: | Property Exempt |

Farm Equipment and Live Stock

Texas property Codes claimed

| | |
|---|---|
| Title 5, Subtitle A, Ch 42 §42.001(a): | Personal Exemption |

Cows, calves and farm equipment

| | |
|---|---|
| Title 5, Subtitle A, Ch 42 §42.002(a)(10):<br>Cows and Calves | Exemption for animals and forage<br>on hand for consumption |

| | |
|---|---|
| Title 5, Subtitle A, Ch 42 §42.002(a)(3):<br>Tractors and Trailers | Farming vehicles and implements |

There are a number of problems with the above.  The Hales exempted all their personal items, furniture, clothes, etc. and admitted that these items were housed at 1401 Bowie Street, Wellington, Texas; however, the Hales fraudulently failed to state the facts that they own the residence at 1401 Bowie Street, Wellington, Texas, and the fact that Caren and Edgar Hale filed a homestead exemption with the Tax Assessor's Office and the County Clerk for this particular property. *See* **EXHIBIT "14"**.  Second, Edgar Hale has been on Veterans Administration Disability since approximately his late 20's, which was in or about 1969, *See* Edgar Hales Military Record obtained through the Freedom of Information Act ["FOIA"] attached hereto as **EXHIBIT "19"**.  Mr. Hale continues receiving these benefits for his disability suffered while in the service, but he fraudulently listed his monies from the Veterans Administration as "Retirement" income, therefore, any claim to the Bankruptcy Court that he works and/or earns income from his land, could trigger an audit by the Veterans Administration for fraud and they would demand return of all disability payments made to Edgar Hale[1].  It should also be noted, on the Hales Schedule "F", the Hales claim numerous medical bills, which is questionable as to the truth of the matter.  Edgar Hale has full Medical Insurance through the Veterans Administration ["VA"] that

---

[1] Edgar Hale stated on his Bankruptcy filings that his income was from the Veteran Administration for "Retirement" income instead of the truth of it being "Disability" income. It

is provided with his Disability payments.  VA Insurance pays One Hundred [100%] Percent of all medical, including that of the disabled person's spouse. *See* http://www.va.gov/healthbenefits/cost/, http://www.va.gov/healthbenefits/cost/copays.asp and the Declarations of Philip J. Berg, Esquire and Lisa Liberi filed concurrently herewith.

Next, there is **not** a residence on the farm land and therefore, cannot be "homesteaded" as it is **not** where the Hales reside.  Further, the reason the Hales transferred the farm land into their names from Bar H Farms, Inc. is so they could attempt to defraud the Plaintiffs and the Bankruptcy Court.  The Hales also claim four [4] vehicles exempt, claiming them as Farm vehicles and tools of the trade. As this Court and the Bankruptcy Court are aware of, you can only exempt the vehicles driven by licensed drivers in the household, in the Hales case would only be two [2], *See* Texas Property Code, Title 5, Subtitle A, Ch. 42 §42.002(a)(9). The Hales were aware they owned too many assets for a Chapter 7 Bankruptcy and Plaintiffs upon obtaining judgment would **not** be able to attach and sell their farm land.  Despite this, the Hales fraudulently filed a Chapter 7 **no asset** Bankruptcy. The Hales believed they could defraud the Plaintiffs and the Bankruptcy Court by leaving their residence property and rental properties under Bar H Farms, and failing to list them in their Bankruptcy and transferring the farm land from Bar H

---

should also be noted; Caren J. Hale certified to the Bankruptcy Court and filed paycheck stubs

Liberi, et al Plaintiffs Notice to the Court re Hales Fraudulent BK and statements to the Court

Farms into their actual names so they could fraudulently claim this land as their only property.  The Hales also failed to notify the Bankruptcy Court of the radio tower they own; of the donations and monies taken in from their radio show; the monies they earn as "reporters"; the monies they earn from their paid advertisements, E-commerce, websites, etc.  This is also why the Hales failed to list Plaintiffs as creditors and failed to notify the Plaintiffs and/or this Court of their Bankruptcy filing.   *See* the Declarations of Philip J. Berg, Esquire and Lisa Liberi filed concurrently herewith.

Defendants, Edgar and Caren Hales Meeting of the Creditors was held on December 15, 2011 at 3:00 p.m. according to the Court's Docket[2].  Plaintiffs were unable to attend, as they did **not** even learn of any Bankruptcy filing until the evening of Thursday, December 14, 2011 and did **not** obtain any of the Hales Bankruptcy filings until the 15th of December 2011.  Again, **none** of the Plaintiffs were properly notified of the Bankruptcy and none of the Plaintiffs were listed as creditors.

---

that she is a full time care giver for Touch of Class in Houston, Texas.
[2] According to an attorney Plaintiffs contacted in Amarillo, Thomas Bunkley, Esquire who attended the Meeting of the Creditors, the Hales did **not** appear claiming they were sick.  Instead,

C.  **THE HALES DECEMBER 15, 2011 LETTER TO THIS COURT IS ANOTHER BLATANT ATTEMPT TO MISLEAD and DEFRAUD THIS COURT and THE PLAINTIFFS:**

On December 15, 2011, Mr. Berg on behalf of all Plaintiffs received an email from Defendant Edgar Hale with an attached letter to this Court. *See* **EXHIBIT "20"**.  In this letter, Edgar and Caren Hale state, *"On November 3, 2011, we filed a Chapter 7 Bankruptcy…This bankruptcy covered Edgar Hale, Caren Hale, Plains Radio Network, Bar H Farms and KPRN A.M. 1610."* *"Included in our list of creditors was the case assigned to you, case # 2-2011-cv-00090, Lisa Liberi, et al, Plaintiffs vs. Edgar Hale, Caren Hale, Plains Radio Network, Bar H Farms, and KPRN AM 1610, et al, Defendants."*  See the Declarations of Philip J. Berg, Esquire and Lisa Liberi filed concurrently herewith.

Plains Radio Network, KPRN AM 1610, nor Bar H Farms filed Bankruptcy nor were they listed with Edgar and Caren Hales Bankruptcy or included as assets protected. *See* **EXHIBITS "5", "8", "9", "10", and "11"** filed herewith.  *See also* the Declarations of Philip J. Berg, Esquire, Lisa Liberi and Lisa Ostella filed concurrently here with.  This is also proven on Edgar and Caren Hales Bankruptcy Schedule H, as the Hales checked the box stating there were **no** other co-debtors.

---

the Hales hired Patrick Swindell, Esquire to appear on their behalf and continue this Hearing. The Meeting of the Creditors is now set for January 10, 2012.

Liberi, et al Plaintiffs Notice to the Court re Hales Fraudulent BK and statements to the Court

See the Declarations of Philip J. Berg, Esquire and Lisa Liberi filed concurrently herewith.

Neither this case nor any of the Plaintiffs were included in Edgar and Caren Hales "list of creditors". *See* **EXHIBITS "6" and "7"**. See the Declarations of Philip J. Berg, Esquire, Lisa Ostella and Lisa Liberi filed concurrently herewith.

The only place in the Hales Bankruptcy petition that this case is mentioned is on the Hales Statement of Financial Affairs Bankruptcy form, paragraph 4, "Suits and administrative proceedings, executions, garnishments, and attachments".

The only place any of Defendants Edgar and Caren Hales businesses were listed is on their Financial Affairs statement, paragraph 18 and they only listed Bar H Farms; there is **no** mention of Plains Radio or KPRN AM 1610.

Defendants Edgar and Caren Hale were attempting to defraud and mislead this Court into believing that Defendants Plains Radio Network, KPRN AM 1610 and Bar H Farms were part of Edgar and Caren Hales Chapter 7 Bankruptcy so Plaintiffs would be unable to obtain the judgment for damages these Defendants caused and to hide their assets.

Moreover, based on Edgar and Hales false statements to this Court, they have refused to cooperate with this Court's December 13, 2011 Order appearing as DN 200.

## II.      THE  HALES  PERJURED  STATEMENTS  TO  THIS  COURT ABOUT  BAR  H  FARMS,  INC.  ONLY  BEING  an  EMAIL ADDRESS:

On May 20, 2011, DN 175, this Court issued an Order upon Defendants Edgar and Caren Hale for an immediate response regarding their corporations also listed as Defendants. *See* **EXHIBIT "21"**.  The Court specifically Ordered the Hales to immediately inform the Court what types or forms of entities Plains Radio Network, Inc., Bar H Farms, and KPRN AM 1610 and the Court gave examples as to the type of companies, e.g., Corporations, Partnerships, etc.

Defendants Edgar and Caren Hale responded to the Court's Order by letter format on May 26, 2011, DN 176.  The Hales told this Court that Plains Radio Network was "*actually Plains Radio Network, Inc, a Nevada Cooperation*" [sic] and that KPRN 1610 AM was part of that "*cooperation*" [sic]. *See* **EXHIBIT "22"** at page one, paragraph one.  The Hales stated that Plains Radio had **no** assets and was **no** longer a registered corporation.

The Hales state at page one [1], paragraph two [2] "*Bar H Farms:  I have no idea where or what that is.  The only thing I could figure out was that I had a* [sic] *email account at* <u>*barhfarms@gmail.com*</u>*.  How these people figured out to sue a [sic] email account is beyond me.*" *See* **EXHIBIT "22"** at page one [1], paragraph two [2].

15

The Hales on page one [1], last paragraph state; "*Since there is no assets to the above, I would ask that you remove them from this lawsuit, especially the bar h farms one.*" *See* **EXHIBIT "22"**, page one [1], last paragraph.

Plaintiffs replied on May 30, 2011, DN 179, and attempted to show the Court how the Hale Defendants were misleading this Court with their false statements.

As this Court can clearly see from the property records attached as **EXHIBITS "14", "15", "16" "17", and "18"** filed concurrently herewith, the Hales were intentionally perjuring their testimony to this Court in their continued attempts to mislead the Court and the Plaintiffs.   This has been extremely prejudicial to the Plaintiffs.  Defendants property records, which were verified with Karen in the Collingsworth County Tax Assessor's Office, show Bar H Farms own three [3] real estate properties and owned the farm land, until July 1, 2010 when the Hales decided to file Bankruptcy and transfer the farm land from Bar H Farms to them, Edgar Hale II and Caren Hale.

These fraudulent acts and behaviors must **not** be allowed.

### III.   THE FRAUDULENT CONVEYANCE OF EDGAR S. and CAREN J. HALES "FARM" LAND and PROPERTY LOCATED AT 1305 ENNIS STREET, WELLINGTON, TEXAS:

Knowing they were in litigation, Defendants Edgar and Caren Hale transferred the 160 acres, Farm land, and all the farm equipment out of Bar H

Liberi, et al Plaintiffs Notice to the Court re Hales Fraudulent BK and statements to the Court

Farm's name into their own on July 1, 2010 and transferred their property located at 1305 Ennis Street, Wellington, Texas 79095 from Bar H Farms, Inc. into the name of Stacy Lynn Andrews September 16, 2010.  The Hales did this so Plaintiffs would **not** be able to collect any monies against the farm land or their Ennis Street property when Plaintiffs obtain Judgment against them.  The Hales also did this knowing they were going to file Bankruptcy and fraudulently claim their farm land is the only land and/or property they own and that it is homesteaded.

Defendants Edgar and Caren Hale also transferred their property located on Ennis Street out of the name Bar H Farms, Inc. into the name of Stacy Lynn Andrews on September 16, 2010 in order to hide the property from any collections attempted by the Plaintiffs.

The July 1, 2010 land transfer from Bar H Farms, Inc. to Edgar and Caren Hale and the September 16, 2010 transfer of the Ennis Street property, by Edgar and Caren Hale constitute fraudulent Transfers. *See* Texas Uniform Fraudulent Transfer Act ("TUFTA"), *Tex. Bus. & Com. Code* §24.006(a).

A *transfer* made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or within a reasonable time after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(1) with actual intent to hinder, delay, or defraud any creditor of the debtor . . .

.*Tex. Bus. & Com. Code Ann*. § 24.005(a)(1) (emphasis added).  Under TUFTA, a

"transfer" means disposing of or parting with an "asset." § 24.002(12).  The statute

defines an "asset" in turn, as "property of a debtor," but expressly excludes

"property to the extent it is encumbered by a valid lien." § 24.002(2)(A).

Fraudulent transfer claims are intended to prevent debtors from defrauding

creditors by placing assets beyond their reach. *Telephone Equipment Network, Inc.*

*v. TA/Westchase Place, Ltd.*, 80 S.W.3d 601, 607 (Tex.App.--Houston [1st Dist.]

2002, no pet.). (*citing* *Connell v. Connell*, 889 S.W.2d 534, 542 (Tex.App.--San

Antonio 1994, writ denied)).  Texas has a statutory cause of action through which a

creditor may seek recourse for a fraudulent transfer of assets or property. *Id*. (*citing*

*Blackthorne v.Bellush*, 61 S.W.3d 439, 443 (Tex.App.--San Antonio 2001, no

pet.); *Jackson Law Office, P.C. v. Chappell*, 37 S.W.3d 15, 25 (Tex. App.--Tyler

2000, pet. denied)).  The Texas Uniform Fraudulent Transfer Act ("TUFTA") is

located in Chapter 24 of the Texas Business and Commerce Code.  Although there

are differences, 11 U.S.C.A. § 548 (governing fraudulent transfer claims under the

Bankruptcy Code) has many similarities with TUFTA, and Bankruptcy cases from

Texas generally cite to both TUFTA and 11 U.S.C.A. § 548.

Under Texas law, a landowner may have one [1] homestead that is exempt

from execution by creditors. *Tex. Const. art. XVI*, §§ 50-51.  The party seeking

Liberi, et al Plaintiffs Notice to the Court re Hales Fraudulent BK and statements to the Court

homestead protection has the burden of establishing that a parcel of land qualifies as a homestead. *Chapman v. Olbrich*, 217 S.W.3d 482, 495-96 (Tex. App.--Houston [14th Dist.] 2006, no pet.). When the landowner does **not** actually occupy the land [as here], a homestead may be established if the landowner can show (1) a *present intent* to occupy and use the land as a home; and (2) an overt act in furtherance of this intent. *Farrington v. First Nat'l Bank of Bellville*, 753 S.W.2d 248, 250 (Tex. App.--Houston [1st Dist.] 1988, writ denied). As to the present-intent prong, the landowner must show a good faith intent to use the land as a home "in a reasonable and definite time in the future." Id. at 250-51; *See also Kendall Builders, Inc. v. Chesson*, 149 S.W.3d 796, 809 (Tex. App.--Austin 2004, pet. denied) (explaining that the intent must be "bona fide"); *Matter of Claflin*, 761 F.2d 1088, 1091 (5th Cir. 1985) (explaining that the intent must be fixed, not "contingent" on other events).

As to the overt-act prong, the landowner must show "preparations toward actual occupancy and use that are of such character and have proceeded to such an extent as to manifest beyond doubt the intention to complete the improvements and reside upon the place as a home." *Farrington*, 753 S.W.2d at 250 (internal quotation marks omitted). In other words, mere commercial or recreational use of the land is generally insufficient--the landowner must show an act of preparation to use the land *as a home. See In re Brown*, 191 B.R. 99, 101-02 (Bankr. N.D. Tex.

1995) (finding that the landowners failed to establish a homestead because they "did not make any repairs to or take any other overt steps to move back into the . . . house").

In the instant case, the only reason the Hales transferred the farm land from Bar H Farms into their name was for purposes of claiming the property exempt in their Bankruptcy and attempting to discharge any debt incurred by the Plaintiffs, thus foreclosing the Plaintiffs from being able to attach the land.  But, as the Exhibits attached hereto show, the Hales have also filed a homestead on the property they actually occupy at 1401 Bowie Street, Wellington, Texas 79095, a property they intentionally failed to claim in their Chapter 7 Bankruptcy, which is clear fraud.  With this, upon any Judgment Plaintiffs obtain against Bar H Farms, the Hales with attempt to claim the property located at 1401 Bowie Street, Wellington, Texas 79095 exempt from attachment as it is their residence which they have homesteaded.

And, the Hales transferred their property located on Ennis Street in Wellington, Texas out of the name Bar H Farms, Inc. into the name of Stacy Lynn Andrews to deprive Plaintiffs of the right and ability to collect any Judgment against the property and to appear as if the Hales are insolvent.

The farm land claimed exempt by Edgar and Caren Hale does **not** have any living adobe located on it, nor is there any intent for the Hales to build on the

property for residence purposes.  The Hales own outright the property located at 1401 Bowie Street, Wellington, Texas 79095 as well as their two [2] rental properties and their property located on Ennis Street until they fraudulently transferred it into the name of Stacy Lynn Andrews.

The transfer of the farm land and the property located on Ennis Street were done for fraudulent purposes to appear as if they are insolvent and to deprive Plaintiffs any right to attachment and/or collection.

The Hales have never filed a homestead exemption on their farm land except in the Bankruptcy Court.  There is more than enough evidence to support a finding that Edgar and Caren Hale do **not** have a *bona fide* intent to use the 160 Acres as a home.  There is strong evidence demonstrating the Hales have never lived on the 160 Acres, the Hales have **not** spent a single night on their property, and the Hales continue to claim a separate homestead on another tract of property that the Hale family has occupied for years. *See Matter of Claflin*, 761 F.2d at 1091 (finding that the landowners failed to establish a homestead because they "asserted only a contingent future intent to move to the Houston Property if [one spouse] could **not** establish herself professionally in Austin").

Further, the Hales transferred the land into their names on July 1, 2010.  The Hales have **not** taken any overt action in furtherance of any alleged intent to reside on the farm land.  The Hales have **not** taken any steps to build, plan or occupy a

home on the 160 Acres. *See Farrington*, 753 S.W.2d at 250. (emphasis added and internal quotation marks omitted).

The transfer of the farm land and their property located on Ennis Street constitute fraudulent transfers.  Plaintiffs will be filing the appropriate Motions and Objections with the Bankruptcy Court to stop the Bankruptcy from discharging due to fraud; to void the transfer of the farm land and the Ennis Street property and place it back in the name of Bar H Farms, and to file claims at the appropriate time.

## IV.   CONCLUSION:

Plaintiffs pray this Court holds Edgar and Caren Hale accountable for their perjury, fraudulent acts, fraudulent property transfer and refusal to abide by this Court's Orders, all of which have been extremely prejudicial to the Plaintiffs.

Respectfully submitted,


Dated:  December 20, 2011          /s/ Philip J. Berg,_____
                                   PHILIP J. BERG, ESQUIRE, Plaintiff
                                   555 Andorra Glen Court, Suite 12
                                   Lafayette Hill, PA 19444-2531
                                   Identification  No. 09867
                                   (610) 825-3134

The Following Plaintiffs in Pro Se, join in Plaintiffs Notice to the Court of Fraud by Defendants Edgar and Caren Hale; and have given full permission for their electronic signature to be input on the within document.  Further, Mr. Berg maintains in his office, the originally signed copies by each of the following Plaintiffs:


Dated:  December 20, 2011          /s/ Evelyn Adams
                                   EVELYN ADAMS, Plaintiff
                                   c/o **PHILIP J. BERG, ESQUIRE**
                                   555 Andorra Glen Court, Suite 12
                                   Lafayette Hill, PA 19444-2531
                                   Ph:  (610) 825-3134
                                   Fx:  (610) 834-7659
                                   Email:  philjberg@gmail.com


Dated:  December 20, 2011          /s/ Lisa Ostella
                                   LISA OSTELLA, and
                                   GO EXCEL GLOBAL, Plaintiffs
                                   c/o **PHILIP J. BERG, ESQUIRE**
                                   555 Andorra Glen Court, Suite 12
                                   Lafayette Hill, PA 19444-2531
                                   Ph:  (610) 825-3134
                                   Fx:  (610) 834-7659
                                   Email:  philjberg@gmail.com


Dated:  December 20, 2011          /s/ Lisa Liberi
                                   LISA LIBERI, Plaintiff
                                   c/o **PHILIP J. BERG, ESQUIRE**
                                   555 Andorra Glen Court, Suite 12
                                   Lafayette Hill, PA 19444-2531
                                   Ph:  (610) 825-3134
                                   Fx:  (610) 834-7659
                                   Email:  philjberg@gmail.com

Law Offices of:
**PHILIP J. BERG, ESQUIRE**
Identification No. 09867
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph:  (610) 825-3134
Fx:  (610) 834-7659
Email:  philjberg@gmail.com                    A*ttorney in pro se*

EVELYN ADAMS, Plaintiff
c/o **PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph:  (610) 825-3134
Fx:  (610) 834-7659
Email:  philjberg@gmail.com

LISA OSTELLA, Plaintiff
c/o **PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph:  (610) 825-3134
Fx:  (610) 834-7659
Email:  philjberg@gmail.com

LISA LIBERI, Plaintiff
c/o **PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph:  (610) 825-3134
Fx:  (610) 834-7659
Email:  philjberg@gmail.com

## U.S. DISTRICT COURT, NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | |
|---|---|
| LISA LIBERI, et al,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>LINDA SUE BELCHER, et al,<br><br>                    Defendants. | CIVIL ACTION<br><br>Case No. 2:11-cv-00090-J<br><br>Honorable Mary Lou Robinson |

Liberi, et al Plaintiffs Notice to the Court re Hales Fraudulent BK and statements to the Court

## <u>CERTIFICATE OF SERVICE</u>

I, Philip J. Berg, Esquire, hereby certify that a copy of Plaintiffs Notice to the Court of Fraud by Defendants Edgar and Caren Hale; Plaintiffs Exhibits "1" through "22"; Declaration s of Lisa Ostella, Lisa Liberi, K. Strebel and Philip J. Berg, Esquire were served this 20th day of December, 2011, upon the following Defendants by U.S.P.S., signature required, with postage fully prepaid.

Edgar Hale
Caren Hale
Plains Radio Network, Inc.
KPRN
Bar H Farms, Inc.
1401 Bowie Street
Wellington, Texas 79095
Signature Required 2308 3250 0000 5244 8109


Linda Sue Belcher
201 Paris Street
Castroville, TX 78009
Signature Required 2308 3250 0000 5244 8116


 /s/ Philip J. Berg_____
Philip J. Berg, Esquire