Law Offices of:
**PHILIP J. BERG, ESQUIRE**
Identification No. 09867
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph:  (610) 825-3134
Fx:  (610) 834-7659
Email:  philjberg@gmail.com          *Attorney in Pro Se*

EVELYN ADAMS, Plaintiff
c/o **PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph:  (610) 825-3134
Fx:  (610) 834-7659
Email:  philjberg@gmail.com          *In Pro Se*

LISA OSTELLA, and GO EXCEL GLOBAL, Plaintiffs
c/o **PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph:  (610) 825-3134
Fx:  (610) 834-7659
Email:  philjberg@gmail.com          *In Pro Se*

LISA LIBERI, Plaintiff
c/o **PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph:  (610) 825-3134
Fx:  (610) 834-7659
Email:  philjberg@gmail.com          *In Pro Se*

**U.S. DISTRICT COURT, NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

_____

| | |
|---|---|
| LISA LIBERI, et al,   Plaintiffs, | CIVIL ACTION |
| vs. | Case No. 2:11-cv-00090-J |
| LINDA SUE BELCHER, et al,   Defendants. | Honorable Mary Lou Robinson |

1

Liberi, et al Plaintiffs Resp. in Opp to the Hale Defendants Motion to Strike, DN 198

**PLAINTIFFS MEMORANDUM OF POINTS and AUTHORITIES (BRIEF)
IN SUPPORT OF THEIR OPPOSITION
TO DEFENDANTS MOTION TO STRIKE PLAINITFFS OPPOSITION TO
THE HALE'S MOTION TO DISMISS, DOCKET NO. 185 and MOTION
FOR A PROTECTIVE ORDER, DOCKET NO. 186**

**ARGUMENT**

**I.    FACTS:**

1.    A Motion to Strike is **not** a proper tool to use when one is unhappy with the opposing party's response and/or answer to a Motion, or the relief being sought by a moving party.  There certainly are **not** any grounds in which to move to Strike the Plaintiffs Response in Opposition to Defendants Edgar and Caren Hale ["the Hale's"] Motion to Dismiss.  Particularly in light of the fact the Court has already Denied the Hale's Motion to Dismiss ["MTD"]. *See* Docket No. 196 filed December 13, 2011.

2.    Furthermore, **no** grounds exist to strike Plaintiffs Motion for a Protective Order ["MPO"].  To date, the Hale Defendants have **not** timely filed an opposition and instead file their frivolous Motion to Strike Plaintiffs Motion for a Protective Order on the basis that all Plaintiffs are using Mr. Berg's address.

3.    All Plaintiffs participated in the Opposition, Docket No. ["DN"] 185 and Plaintiffs MPO, DN 186, and all parties gave authorization for their signatures to be input electronically. *See* the Declarations of Plaintiffs Lisa Liberi, Docket No. 188-3 filed August 31, 2011 at Appendix "1", pages 1-20; Declaration of Philip J.

Berg, Esquire, Docket No. 188-4 filed August 31, 2011 at Appendix "2", pages 21-26; Declaration of Evelyn Adams, Docket No. 188-5 filed August 31, 2011 at Appendix "3", pages 27-80; and Lisa Ostella, Docket No. 188-6 filed August 31, 2011 at Appendix "4", pages 81-99. Defendant then argues that all the Plaintiffs are using Mr. Berg's address.

4. As shown in Plaintiffs Opposition, DN 185 and their MPO, DN 186, Plaintiffs do have their contact information in care of Mr. Berg. This is due to the harassment Plaintiffs have received from the Defendants, especially Defendant Hale. The nasty, cussing, accusatory, threatening emails that Defendant Hale has sent to the Plaintiffs and Plaintiffs do **not** want to be contacted by Defendants directly. There has also been the issue of the Defendants "altering", "forging" and "manipulating" documents from their original versions and creating documents which have never been filed, proof of which is located in this Court's files.

5. The Hale Defendants then claim that Mr. Berg was Ordered to obtain local counsel and Plaintiffs want everything to go through Mr. Berg. The issue regarding Mr. Berg's *Pro Hac Vice* status has been decided by the Court. *See* DN 195 filed December 13, 2011. As the Court noted, all Plaintiffs have been signing their filings in *pro se*.

6. The Hale Defendants Motion to Strike is frivolous and their request pertaining to Plaintiffs Opposition to their MTD, DN 185 is moot as the Hale's MTD has been denied by the Court. *See* DN 196 filed December 13, 2011.

7. It is important to note, Plaintiffs are **not** being served, as claimed in Defendants Edgar and Caren Hale's certificate of service with all the documents being submitted to the Court by the Defendants. For instance, Defendant Edgar Hale attempted to file a Motion to Dismiss this case on behalf of Defendant Linda S. Belcher. Plaintiffs learned of this attempted filing when this Court ruled it would not consider it, see DN 197 filed December 13, 2011. Although Defendants Edgar and Caren Hale's Motion to Strike is dated in August 2011, Plaintiffs only received notice of the Hale Defendants Motion on December 13, 2011, through the ECF Federal Filing system, when the Court actually filed Defendants Motion. Plaintiffs did **not** receive service by the Defendants.

8. For the reasons outlined herein, Plaintiffs respectfully Request this Court to Deny Defendant's Motion to Strike.

**II. DEFENDANTS MOTION TO STRIKE IS IN VIOLATION OF THE FEDERAL RULES OF CIVIL PROCEDURE and THIS COURT'S LOCAL RULES and MUST BE STRICKEN:**

9. Federal Rules of Civil Procedure ["*Fed. R. Civ. P.*"] 7(b)(1)(B) requires the moving party to "state with particularity the grounds for seeking the order". Defendants failed to do so and just ask the Court to Strike Plaintiffs

4

Response in Opposition to his (Hale's) Motion to Dismiss, DN 185 and Plaintiffs Motion for a Protective Order, DN 186.

10. This Court's Local Rule ["*L.R.*"] 7.1(a) requires the moving party to confer with the opposing side to determine whether the Motion is opposed. Defendants failed to confer with any of the Plaintiffs.

11. This Court's *L.R.* 7.1(b) requires the moving party to file a certificate of compliance as to each Motion filed, indicating whether the Motion is opposed or unopposed, L.R. 7.1(b)(1). If the Motion is opposed, the moving party's certificate must state that a conference was held and indicate the date of conference and the identities of the attorney's, or in this case the *pro se* Plaintiffs, conferring and explain why agreement could **not** be reached, L.R. 7.1(b)(2). If a conference was **not** held, the certificate must explain why it was **not** possible to confer, L.R. 7.1(b)(3). Defendants failed to attempt any conference with any of the Plaintiffs; failed to include a Certificate of Compliance; failed to address why an agreement could **not** be entered into; and also failed to state why a conference could **not** be conducted or why the parties could **not** confer.

12. This Court's *L.R.* 7.1(d) requires all opposed Motions to be accompanied by a Brief that "sets forth the moving party's contentions of fact and/or law, and argument and authorities, unless a Brief is **not** required by

subsection (h) of this rule. In the instant case, a Motion to Strike requires a Brief and Certificate of Conference. *See L.R.* 7.1(h).

13. Defendants have failed to file a Brief outlining any type of legal authority for this Court to grant the requested relief.

14. Defendants are required to follow all the Federal Rules of Civil Procedure as well as this Court's Local Rules. Our Courts have held that they are **not** inclined to have sympathy on *pro se* litigants. As one Court put it, "*While we have compassion for the plight of the pro se litigant attempting to follow the rules of legal procedure and substantive laws, and therefore construe pro se pleadings and briefs liberally, we must still hold appellant to the same standard as a licensed attorney, requiring that he follow those same rules and laws*." <u>Mansfield State Bank v. Cohn</u>, 573 S.W.2d 181, 184-85 (Tex. 1978); <u>Cooper v. Circle Ten Council Boy Scouts of Am.</u>, 254 S.W.3d 689, 693 (Tex. App.- Dallas 2008, no pet.). To do otherwise would give a *pro se* litigant an unfair advantage over a litigant represented by counsel, or other *pro se* parties. <u>Mansfield State Bank</u>, 573 S.W.2d at 185; <u>Cooper</u>, 254 S.W.3d at 693.

15. This Court's Clerk has put on this Court's website a handbook for *pro se* parties. This handbook can be located at http://www.txnd.uscourts.gov/pdf/ProSe/handbook.pdf. On page two (2) of this

handbook it states, "You must follow the Federal Rules of Civil Procedure and the Local Rules of this Court."

16. On June 10, 2011, this Court issued an Order as a result of a letter sent to Your Honor by Defendants Edgar and Caren Hale. *See* Docket No. 181, outlining that all parties were to comply with this Court's Local Rules 5.1, 10.1, 7.1 and 7.2, which Defendants have again failed to do.

17. Plaintiffs respectfully Request this Court to Deny Defendants Motion.

### III. THE HALE DEFENDANTS MOTION TO STRIKE PLAINTIFFS RESPONSE IN OPPPOSITION, DN 185 and PLAINTIFFS MOTION FOR A PROTECTIVE ORDER, DN 186 IS IMPROPER and MUST BE DENIED:

18. The Hale Defendants move this Court to Strike Plaintiffs Response in Opposition to his MTD, DN 185 and Plaintiffs MPO, DN 186. Defendant gives all types of excuses as to why Plaintiffs pleading should **not** be considered, but fails to give one legal basis or legal authority. Instead, Defendant complains because he is unhappy with the issues raised by the Plaintiffs, the legal authority and the legal basis as to why Defendant's Motion must be Denied.

19. "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f). The decision to grant a Motion to Strike is within the Court's discretion. *Jacobs v. Tapscott,* 2004 WL 2921806, at *2 (N.D Tex. Dec. 16, 2004) (Fitzwater, J.), *aff'd*

7

*on other grounds*, 277 Fed. Appx. 483 (5th Cir.2008). "Both because striking a portion of a pleading is a drastic remedy, and because it is often sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *Id.* (citing <u>FDIC v. Niblo</u>, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (Cummings, J.)).

20. Defendant fails to state in his "Motion" why he is seeking to strike Plaintiffs Opposition. Defendant does **not** give any legal authority or any basis for this Court to strike Plaintiffs Response in Opposition, DN 185 or Plaintiffs MPO, DN 186. As this Court is aware, our Court's will **not** strike a pleading because a party is unhappy with the Opposing pleading, or because a party is unhappy with the requested relief, or because the Opposing pleading substantiates the Court's denial of the Motion. In essence, that is what Defendants are asking this Court to do.

21. The Hale Defendants do **not** claim in their Motion to Strike Plaintiffs Opposition to their MTD, DN 185 or Plaintiffs MPO, DN 186 are insufficient defenses nor is Plaintiffs Opposition, DN 185 or MPO, DN 186 insufficient warranting their striking and/or rejection. Therefore, Defendants Motion to Strike must be Denied. *See* <u>Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.</u>, 677 F.2d 1045, 1057 (5th Cir. 1982), cert. denied, 459 U.S. 1105 (1983); <u>United States v. Cushman & Wakefield, Inc</u>., 275 F.Supp.2d 763, 768

(N.D. Tex. 2002) (citations omitted). Further, Plaintiffs Opposition to the Defendants MTD, DN 185 or MPO, DN 186 do **not** "protract and complicate the litigation", thereby prejudicing the Defendants nor do the Defendants claim such, and therefore they do **not** warrant being stricken. See <u>United States v. Benavides</u>, 2008 WL 362682, *4-5 (S.D. Tex. 2008).

22. Plaintiffs Opposition to the Hale Defendants MTD, DN 185 and Plaintiffs MPO, DN 186 are proper and sufficient and therefore, grounds do **not** exist to strike them. See <u>Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.</u>, 677 F.2d 1045, 1057 (5th Cir. 1982) (Motions to Strike are disfavored and will not be granted when a defense is proper and sufficient as a matter of law).

23. For the reasons outlined herein, the Hale Defendants Motion to Strike, DN 198, Plaintiffs Response in Opposition, DN 185 and Plaintiffs MPO, DN 186 must be Denied.

**IV.     PLAINTIFFS PARTICIPATING IN THE FILING OF ONE [1] PLEADING INSTEAD OF FOUR [4] IS COMPLETELY PROPER:**

24. Defendant claims Plaintiffs Response in Opposition to his Motion to Dismiss, DN 185 and Plaintiffs Motion for a Protective Order, DN 186 must be Denied because Plaintiff Philip J. Berg has **not** been admitted to practice law before the Court; all of the Plaintiffs have "the same address, that of Mr. Berg" and

Plaintiffs want everything to go through Mr. Berg; Plaintiffs proposed Order states "Respectfully submitted on behalf of the Plaintiffs…"; etc.

25.  The Plaintiffs herein work together when responding to Defendants frivolous Motions and there is absolutely **no** reason for Plaintiffs to file four [4] separate pleadings when they agree on the same issues.  To require the Plaintiffs to file four [4] separate pleadings is a waste of judicial resources and does nothing more than repeat the Plaintiffs position and "paper" the Court.

    a.   **Plaintiffs Addresses:**

26.  Plaintiffs have placed their address in care of Mr. Berg's address due to the harassment they have suffered from the within Defendants. *See* the Declarations of Lisa Liberi, Appendix 1, page 12, ¶ 32; Philip J. Berg, Esquire, Appendix 2, page 23, ¶8; and Lisa Ostella, Appendix 4, page 84, ¶7.

27.  Further, Plaintiffs have been harassed by Defendants friends, followers, supporters, and readers of their websites and in Hale's case, radio show.  Defendants friends and colleagues have stated to the Plaintiffs that they will show up at the Plaintiffs homes; Plaintiffs have had male individuals appear at their home, who they did **not** know, who were looking in Plaintiff's windows, scrambling their phones, harassing them, etc. *See* the Declarations of Lisa Liberi, DN 188-3 filed August 31, 2011 at Appendix 1, pages11-12, ¶¶ 30-32; Philip J. Berg, Esquire, DN 188-4 filed August 31, 2011 at Appendix 2, page 23, ¶8; Evelyn

Adams, DN 188-5 filed August 31, 2011 at Appendix 3, pages 28-30, ¶¶ 6-8; and Lisa Ostella, DN 188-6 filed August 31, 2011 at Appendix 4, page 84, ¶8.

28. Defendants Hale and Belcher have sent very nasty emails. In fact, Defendant Hale has sent threatening, false, incomprehensible; unacceptable; and disgusting emails to the Plaintiffs. *See* the Declarations of Lisa Liberi, DN 188-3 filed August 31, 2011 at Appendix 1, page 3, ¶¶ 6-8, page 4, ¶¶ 9-10, page 5, ¶12, page 6, ¶¶ 14-17, page 7, ¶¶ 18-19, page 8, ¶20; Evelyn Adams, DN 188-5 filed August 31, 2011 at Appendix 3, pages 28-29, ¶6; and Lisa Ostella, DN 188-6 filed August 31, 2011 at Appendix 4, page 84, ¶8. Plaintiffs received death threats from Defendants and their colleagues' friends, supporters, blog readers and followers.

29. Moreover, as outlined in Plaintiffs Declarations, Plaintiffs used to sign their names to their Declarations, etc. However, while on the radio discussing Plaintiff Liberi's credit, Defendant Hale removed Plaintiff Lisa Liberi's signature from the Court filed Complaint and from Court filed Verifications and placed it all over the Internet. This was in addition to Plaintiff Lisa Liberi's full Social Security number, date of birth, place of birth, mother's maiden name, address, phone number, husband's name, husband's social security number and other private identifying information ["private data"] was being plastered all over the Internet and sent by mass emailing repeatedly. Defendant Hale had **no** business using Plaintiff Liberi's credit and signature; illegally accessing and obtaining Plaintiff

Liberi's credit reports and discussing her credit; illegally accessing and obtaining her primary identifying information and private data. *See* the Declarations of Lisa Liberi, DN 188-3 filed August 31, 2011 at Appendix, page 11, ¶28; Declaration of Philip J. Berg, Esquire, DN 188-4 filed August 31, 2011 at Appendix 2, pages 22-23, ¶7; Declaration of Evelyn Adams, DN 188-5 filed August 31, 2011 at Appendix 3, page 28, ¶4; and Lisa Ostella, DN 188-6 filed August 31, 2011 at Appendix 4, page 82, ¶4. Defendants have also forged documents in Plaintiffs names. All of this is and has been outlined in this Court case and filed in the Court's Docket several times.

30. For these reasons, Plaintiffs are **not** comfortable and do **not** feel safe in providing their addresses and telephone numbers to the Defendants and therefore, prefer for all communications to go through Mr. Berg.

V. **CONCLUSION:**

31. For the reasons outlined herein, Plaintiffs respectfully Request this Court to deny Defendants Edgar and Caren Hale's Motion to Strike Plaintiffs Response in Opposition to Defendant Edgar Hale's Motion to Dismiss, DN 185 and Plaintiffs Motion for a Protective Order, DN 186.

Respectfully submitted,

Dated: December 23, 2011  /s/ Philip J. Berg
PHILIP J. BERG, ESQUIRE

12

The Following Plaintiffs in Pro Se, join in this Opposition to Defendant Edgar Hale's Motion to Strike Plaintiffs Opposition to Defendant Hale's Motion to Dismiss, DN 185 and Plaintiffs Motion for a Protective Order, DN 186; and have given full permission for their electronic signature to be input on the within document.  Further, Mr. Berg maintains in his office, the originally signed copies by each of the following Plaintiffs:

Dated:  December 23, 2011          /s/ Evelyn Adams _____
                                   EVELYN ADAMS, Plaintiff


Dated:  December 23, 2011          /s/ Lisa Ostella _____
                                   LISA OSTELLA, and
                                   GO EXCEL GLOBAL, Plaintiffs


Dated:  December 23, 2011          /s/ Lisa Liberi _____
                                   LISA LIBERI, Plaintiff

Liberi, et al Plaintiffs Resp. in Opp to the Hale Defendants Motion to Strike, DN 198