Law Offices of:
**PHILIP J. BERG, ESQUIRE**
Identification   No. 09867
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph:  (610) 825-3134
Fx:  (610) 834-7659
Email:  philjberg@gmail.com                 A*ttorney in Pro Se*

EVELYN ADAMS, Plaintiff
c/o **PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph:  (610) 825-3134
Fx:  (610) 834-7659
Email:  philjberg@gmail.com                 *In Pro Se*

LISA OSTELLA, and GO EXCEL GLOBAL, Plaintiffs
c/o **PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph:  (610) 825-3134
Fx:  (610) 834-7659
Email:  philjberg@gmail.com                 *In Pro Se*

LISA LIBERI, Plaintiff
c/o **PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Ph:  (610) 825-3134
Fx:  (610) 834-7659
Email:  philjberg@gmail.com                 *In Pro Se*

**U.S. DISTRICT COURT, NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

_____

| | |
|---|---|
| LISA LIBERI, et al, | |
| Plaintiffs, | CIVIL ACTION |
| vs. | |
| | Case No. 2:11-cv-00090-J |
| LINDA SUE BELCHER, et al, | |
| | Honorable Mary Lou Robinson |
| Defendants. | |

# **TABLE OF CONTENTS**

**Pages**

TABLE OF CONTENTS……………………………………………………….......i

TABLE OF AUTHORITIES…..…………………………………………………..ii-iii

I.      STATEMENT OF FACTS……………………………………………..2-5

II.     ARGUMENT……………………………………………………………….5-10

     A.    NO GROUNDS EXISTS to SUPPORT or
    GRANT DEFENDANT LINDA BELCHER'S
    REQUESTED RELIEF to DISMISS the
    WITHIN ACTION ……………………………………………………5-8

     B.    DEFENDANT LINDA BELCHER'S
    LETTER MOTION to DISMISS is
    FRIVOLOUS and BASED on
    FALSE STATEMENTS ……………………………………………….9-10

III.    CONCLUSION……,………………………………………………………......10

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Bourjaily v. U.S.*, 483 U.S. 171,
107 S. Ct. 2775, 97 L. Ed. 2d 144 (1987)……………………………………………..7

*Haines v. Kerner*, 404 U.S. 519, 520 (1972)……………………………………...10

*In re Stone,* 986 F.2d 898, 902 (5th Cir.1993)…………………………………….10

*Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993)……………………..10

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989)……………………………………10

*St. Clair v. Johnny's Oyster & Shrimp, Inc.*,
76 F. Supp. 2d 773, 774-75 (S.D. Tex. 1999)……………………………………...8

*Washington v. Green*, 5:96-CV-77
(W.D. Texas, Waco Div., April 9, 1996)…………………………………………...9

*Washington v. Web*, No. 6:10-CV-0114 (E.D. Tex. 2010)…………………………9

# FEDERAL RULES OF CIVIL PROCEDURE

                                                                                                                           **Page(s)**

Rule 5(a)(1)……………………………………………………………………….8, 9

Rule 7(b)……………………………………………………………………………..9

Rule 10……………………………………………………………………………....9

Rule 11……………………………………………………………………………...10

Rule 12…………………………………………………………………………...3, 6

Rule 56……………………………………………………………………………..6

## TABLE OF AUTHORITIES - Continued

### FEDERAL RULES OF EVIDENCE

**Page(s)**

Rule 801(c)……………………………………………………………………...7

Rule 802………………………………………………………………………….7

Rule 805………………………………………………………………………….7

### NORTHERN DISTRICT OF TEXAS LOCAL RULES

**Page(s)**

Rule 7.1(a)……………………………………………………………………….9

Rule 7.1(b)……………………………………………………………………….9

Rule 7.1(c)……………………………………………………………………….9

Rule 7.1(d)……………………………………………………………………….9

# PLAINTIFF'S MEMORANDUM BRIEF
# in OPPOSITION to
# DEFENDANT LINDA BELCHER'S MOTION to DISMISS

## I.   STATEMENT OF FACTS:

1.   Plaintiffs filed suit against Defendants in the Eastern District of Pennsylvania on May 4, 2009 as a result of Defendants Edgar Hale, Caren Hale by and through Plains Radio Network, Bar H Farms and Linda Sue Belcher's continued harassment, cyber-stalking, cyber-bullying, cyber-harassment, invasion of privacy, defamation, libel, slander and other torts of the Plaintiffs herein.

2.   Defendant Linda Belcher ["Belcher" or "Defendant"] filed a Motion to Dismiss and an Answer on May 26, 2009. *See* Docket No. 24.

3.   On June 24, 2009, Belcher hired Counsel who represented all the Defendants herein. Belcher's attorney filed a Supplemental Memorandum of Points and Authorities in Support of Belcher's Motion to Dismiss. *See* Docket No. ["Dkt No."] 70.

4.   Belcher's Motion to Dismiss was Denied on June 26, 2009, Docket No. 77.

5.   On March 31, 2011, this case was transferred to the U.S. District Court, Western District of Texas, Southern Division at the request of the Defendants herein.

6.   On April 18, 2011, upon the Court's own initiative, Judge Orlando L. Garcia transferred this case from the Western District of Texas, Southern Division to the Northern District of Texas, Amarillo Division. *See* Dkt. No. 172.

7.   On January 12, 2012, this Court Stayed the current action, Docket No. 205 pending the outcome of Defendants Edgar and Caren Hale's Chapter 7 Bankruptcy. Plaintiffs filed their Response to the Court's Stay Order, Agreeing to the Stay, on January 31, 2012. *See* Docket No. 206.

8.   Defendant Belcher has now filed a second Motion to Dismiss pursuant to Federal Rules of Civil Procedure ["*Fed. R. Civ. P.*"] 12, which is completely improper. *See* Belcher's filing of February 29, 2012, Docket No. 207.[1]

9.   Belcher's letter Motion to Dismiss ["MTD"] is based on her claims that she suffered a stroke, was clinically dead for a period of time, was in a coma for two [2] weeks and had to have a pacemaker implanted. However, the letter Belcher attached from her family practitioner simply states Belcher had a heart attack and went to cardiac rehabilitation. The family practitioner letter does **not** substantiate any of Belcher's claims, which appear to be exaggerated. Further, the letter attached by Belcher is **not** a current letter, but instead dated November 29, 2011 and only pertains to Belcher traveling. There is **no** need for Belcher to travel

---

[1] Defendant Belcher failed to serve any of the Plaintiffs with her letter Motion to Dismiss. Belcher's Motion was sealed, so Plaintiffs were unable to download the document from the ECF

3

Liberi, et al Plaintiffs Memorandum in Opp to Def. Linda Belcher's Letter MTD

for Court at this time, this case is currently stayed. *See* the Declaration of Lisa Liberi filed concurrently herewith.

10. Having a heart attack, although very serious, is **not** grounds to dismiss a case, as Belcher is asking. In fact, in Belcher's MTD she states to this Court that she would be suing the Plaintiffs if she could afford to do so. Being that Belcher has openly admitted to being strong enough to litigate when it suits her, she is unquestionably strong enough to litigate this case.

11. Belcher, after filing her MTD on February 29, 2012, went onto a blog forum called "fogbow". Belcher posted about her medical at approximately 2:00 a.m. on March 2, 2012. Later that evening at approximately 6:00 p.m. Belcher continued her posting on "fogbow", but this time "bashing" Plaintiff Philip J. Berg, Esquire. *See* the Declarations of Lisa Ostella and Lisa Liberi filed concurrently herewith, with copies of Linda Belcher posts from www.thefogbow.com.

12. Belcher's postings slandering the Plaintiffs are part of the reason she is being sued today. If Belcher is witty enough and strong enough to continue the behaviors that gave rise to this suit, she is strong enough and witty enough to litigate this suit.

---

notice of filing. Plaintiffs were finally able to obtain a copy of Belcher's filing on March 2, 2012 with the assistance of this Court.

13. Belcher fails to raise any legitimate reasons why Dismissal would be proper; or any legal basis for her requested relief; and instead makes many unsubstantiated, hearsay and speculative statements. Belcher further failed to cite to any legal authority to support her request. Instead, Belcher plays on her medical mishap for sympathy from the Court in hopes this Court will feel sorry for her and dismiss Plaintiffs case against her.

14. Furthermore, Defendant Belcher's letter brief is incompliant with the Federal Rules of Civil Procedure and this Court's Local Rules.

15. For the reasons outlined herein, Defendant Linda Belcher's Motion must be Denied.

## II.   ARGUMENT

### A.   NO GROUNDS EXISTS to SUPPORT or GRANT DEFENDANT LINDA BELCHER'S REQUESTED RELIEF to DISMISS the WITHIN ACTION:

16. Defendant Linda Belcher is asking this Court to Dismiss the within action based on her exaggerated claims that she had a heart attack; suffered a stroke; was in a coma; had a Pacemaker input; and cannot function without assistance. Belcher states this all occurred August 2011. Belcher attaches a letter from her Family Practitioner, dated November 2011, which refutes her claims. According to the letter from Belcher's Family Practitioner, Belcher suffered a heart attack; went to Cardiac Rehabilitation; and could **not** immediately travel.

5

17. Plaintiffs are **not** disputing the seriousness of a heart attack, but instead attacking the validity of Belcher's claims and requested relief.

18. Having medical complications is certainly grounds for a continuance of a hearing or trial, but it is **not** grounds to dismiss a case. Further, Belcher is **not** in need of any type of continuance as this Case is currently Stayed. There are **not** any pending hearings, trial or events.

19. Belcher has failed to assert any grounds to dismiss the within lawsuit. Belcher is **not** attacking Plaintiffs pleadings under *Fed. R. Civ. P.* 12; and she is **not** filing a Motion under *Fed. R. Civ. P.* 56. Moreover, Belcher has failed to assert any legal authority that would substantiate this Court granting her, her requested relief.

20. Instead, Belcher is stating she has medical conditions; she states the case should be dismissed; but then she states if she could afford to do so, she would be suing the Plaintiffs. Belcher then, after filing her letter with the Court, went onto Internet blog forums and was posting about her medical, looking for attention, and attacking Plaintiff Philip J. Berg, Esquire. *See* the Declaration of Lisa Ostella filed concurrently herewith.

21. Belcher in her letter Motion to this Court then has a lot to say about the Plaintiffs and her side of the story, all of which has previously been properly disputed by the Plaintiffs. Belcher claims Plaintiffs are harassing, which they are

**not**; that Berg is under Prosecution and a liar; and that Berg altered facts regarding a previous attempt to confer, which are **not** true. Belcher fails to articulate how the Plaintiffs are supposedly harassing her, by serving her through the United States Post Office copies of Court documents filed by the Plaintiffs. Plaintiffs are required to serve all pleadings that they file in this case upon all Defendants. Service of Court pleadings is far from harassment. Belcher fails to articulate what Plaintiff Philip J. Berg, Esquire has "supposedly" lied about, and she cannot because Mr. Berg has **not** lied. If Belcher does **not** agree with something filed, she has recourse; she can file a Response, Reply or Answer, in Opposition. These certainly are **not** grounds to dismiss a case.

22.   Belcher's statements and speculation are nothing more than that, false statements, speculation, hearsay and double hearsay statements.

23.   Hearsay is defined as "a statement, other than one made by the declarant offered in evidence to prove the truth of the matter asserted." *See Fed. R. Evid.* 801(c). *Fed. R. Evid.* 805 is the Hearsay within Hearsay rule, none of the exceptions apply to Belcher's filing. "Hearsay is not admissible except as provided by these rules…". *See Fed. R. Evid.* 802; *See* also <u>Bourjaily v. U.S</u>., 483 U.S. 171, 175, 107 S. Ct. 2775, 97 L. Ed. 2d 144 (1987). Belcher's statements in her letter Motion are hearsay, double and triple hearsay and therefore, are **not** admissible.

24. As with all evidence, the proponent must be prepared to establish that the evidence is relevant, authentic, and **not** subject to exclusion under the hearsay or best evidence rules, <u>St. Clair v. Johnny's Oyster & Shrimp, Inc.</u>, 76 F. Supp. 2d 773, 774-75 (S.D. Tex. 1999). Belcher has failed to do so.

25. Belcher states that Plaintiffs monitor Defendant Edgar Hale's radio shows and her son was on one of Mr. Hale's shows, therefore, Plaintiffs were aware of Belcher's medical problems. This is untrue. None of the Plaintiffs were ever aware of Belcher's son being on any radio show.

26. Belcher falsely claims Plaintiffs are harassing her because they mailed packages to her while she was in the hospital. Plaintiffs were **not** aware Belcher was in the hospital and the only documents sent to Belcher were service copies of Court filings, as required by *Fed. R. Civ. P.* 5(a)(1). Regardless of whether Belcher is in the Hospital, on vacation or visiting a relative, Plaintiffs are required to serve her with any documents filed in the Court.

27. Plaintiffs will continue following the Rules and documenting everything regarding the Defendants in this case, as they have.

28. For the reasons stated herein, Defendant Belcher's Letter Motion to Dismiss must be Denied.

**B. DEFENDANT LINDA BELCHER'S LETTER MOTION to DISMISS is FRIVOLOUS and BASED on FALSE STATEMENTS:**

29. Belcher filed her within Letter Motion to Dismiss which is incomprehensible and incompliant with the Federal Rules of Civil Procedure and this Court's local Rules. Belcher failed to file a proper Motion outlining the grounds for her requested relief in violation of *Fed. R. Civ. P.* 7(b); Belcher submitted a letter in lieu of a Motion and failed to adhere to the required form as outlined in *Fed. R. Civ. P.* 10; Belcher failed to conduct a "meet and confer" with any of the Plaintiffs in violation of this Court's Local Rule 7.1(a); failed to file a Certificate of Compliance in violation of this Court's Local Rule 7.1(b); failed to include a Proposed Order in violation of this Court's Local Rule 7.1(c); Belcher failed to file a Brief with any type of legal authority in violation this Court's Local Rule 7.1(d); and Belcher failed to serve her pleading on any of the Plaintiffs in violation of *Fed. R. Civ. P.* 5.1(a).

30. Belcher's Letter Motion to Dismiss is based on nothing but false statements about the Plaintiffs; and about her medical situation.

31. Frivolous pleadings filed by a party, even in *pro se*, warrant sanctions. See *Washington v. Web*, No. 6:10-CV-0114 (E.D. Tex. 2010) (citing *Washington v. Green*, 5:96-CV-77 (W.D. Texas, Waco Div., April 9, 1996). Belcher's filing lacks any "arguable basis either in fact or law" and is nothing more than false

9

statements, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Because Belcher is in *pro se*, the Court liberally construes her filings with all possible deference. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* filings are held to less stringent standards than formal pleadings drafted by lawyers).  Even under this most liberal construction, Belcher's pleadings are frivolous.  And, *pro se* litigants are required to follow the Federal Rules of Civil Procedures and this Court's Local Rules.

32.     Plaintiffs Request this Court to warn Belcher and the other Defendants that if they continue filing frivolous pleadings, although in pro se, they can still be sanctioned.  Federal Courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993).  Included in such power is the authority "to levy sanctions in response to abusive litigation practices." *Id.*  Sanctions may be appropriate when a *pro se* litigant has a history of submitting frivolous filings. *See Fed. R. Civ. P.* 11; *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993).

### III.   CONCLUSION:

33.     For the reasons stated herein, Defendant Linda Belcher's Letter Motion to Dismiss must be Denied.  Plaintiffs will seek costs and travel expenses should they be forced to a Hearing on Defendant Linda Belcher's frivolous motion.

                                              Respectfully submitted,

Dated:  March18, 2012                 /s/ Philip J. Berg
                                       PHILIP J. BERG, ESQUIRE
                                       555 Andorra Glen Court, Suite 12
                                       Lafayette Hill, PA 19444-2531
                                       Identification  No. 09867
                                              (610) 825-3134

                                           *Attorney in pro se*

The Following Plaintiffs in *Pro Se* have assisted with and approved the contents of Plaintiffs Memorandum (Brief) in Opposition to Defendant Linda Belcher's letter Motion to Dismiss; and given full permission for their electronic signature to be input  on the  within Document.  Mr. Berg maintains in his office, the originally signed copies by each of the following Plaintiffs:

Dated:  March 18, 2012               /s/ Evelyn Adams
                                       EVELYN ADAMS, Plaintiff
                                       c/o **PHILIP J. BERG, ESQUIRE**
                                       555 Andorra Glen Court, Suite 12
                                       Lafayette Hill, PA 19444-2531
                                       Ph:  (610) 825-3134
                                       Email:  philjberg@gmail.com

Dated:  March 18, 2012               /s/ Lisa Ostella
                                       LISA OSTELLA, and
                                       GO EXCEL GLOBAL, Plaintiffs
                                       c/o **PHILIP J. BERG, ESQUIRE**
                                       555 Andorra Glen Court, Suite 12
                                       Lafayette Hill, PA 19444-2531
                                       Ph:  (610) 825-3134
                                       Email:  philjberg@gmail.com

|  |  |
|---|---|
| Dated:  March 18, 2012 | /s/ Lisa Liberi<br>LISA LIBERI, Plaintiff<br>c/o **PHILIP J. BERG, ESQUIRE**<br>555 Andorra Glen Court, Suite 12<br>Lafayette Hill, PA 19444-2531<br>Ph:  (610) 825-3134<br>Email:  philjberg@gmail.com |